# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| A.F. AND S.F., INDIVIDUALY AND | § | |
| AS NEXT FRIENDS OF THEIR SON, K.F., | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | C.A. No. 4:12-CV-02755 |
| | § | |
| PASADENA INDEPENDENT | § | |
| SCHOOL DISTRICT, | § | |
| SHILOH TREATMENT CENTER, INC., | § | |
| AND CLAY HILL | § | |
| | § | |
| *Defendants.* | § | |

## **INDEX**

Exhibit A   Index of matters being filed;

Exhibit B   Certified copies of all pleadings asserting causes of action and all answers to such pleadings;

Exhibit C   All executed service of process in the case;

Exhibit D   All Orders signed by Judge R.K. Sandill;

Exhibit E   Docket sheet from the 127th Judicial District Court of Harris County; and,

Exhibit F   List of counsel of record, including the addresses, telephone numbers, and parties represented.

Dated: September 13, 2012

# EXHIBIT B

Filed 12 August 20 P12:35
Chris Daniel - District Clerk
Harris County
ED101J017033672
By: adiliani a. solis

NO. 2012-06394

| | | |
|---|---|---|
| ALAN FOWLER AND SUSAN FOWLER, | § | IN THE DISTRICT COURT OF |
| INDIVIDUALLY AND AS NEXT FRIENDS | § | |
| OF THEIR SON, KEVIN FOWLER | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| PASADENA INDEPENDENT SCHOOL | § | |
| DISTRICT, SHILOH TREATMENT | § | |
| CENTER, INC. AND CLAY HILL | § | |
| | § | |
| Defendants | § | 127th JUDICIAL DISTRICT |

## PLAINTIFFS' SIXTH AMENDED PETITION

TO THE HONORABLE JUDGE OF THIS COURT:

Alan and Susan Fowler, individually and as next friends of their son Kevin ("Plaintiffs"), file this Sixth Amended Petition complaining of Pasadena Independent School District, Shiloh Treatment Center, Inc. and Clay Hill ("Defendants"), and respectfully show the following:

### I. DISCOVERY CONTROL PLAN – LEVEL 3

1.      Pursuant to Texas Rule of Civil Procedure 190.1, Plaintiffs intend to conduct discovery under Level 3 as set out in Texas Rule of Civil Procedure 190.4.

### II. PARTIES AND SERVICE

2.      Plaintiff Alan Fowler is an individual citizen and resident of Harris County, Texas.  Pursuant to Texas Civil Practice and Remedies Code § 30.014(a), the last three numbers of Mr. Fowler's driver's license are 339 and the last three numbers of his social security number are 855.

Certified Document Number: ▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢▢ - Page ▢ of ▢

3.      Plaintiff Susan Fowler is an individual citizen and resident of Harris County, Texas.  Pursuant to Texas Civil Practice and Remedies Code § 30.014(a), the last three numbers of Mrs. Fowler's driver's license are 305 and the last three numbers of her social security number are 799.

4.      Defendant Pasadena Independent School District has been served with process and has filed an answer.

5.      Defendant Shiloh Treatment Center, Inc. has been served with process and has filed an answer.

6.      Defendant Clay Hill has been served with process and has filed an answer.

### III.  JURISDICTION AND VENUE

7.      The damages sought by Plaintiffs are within the jurisdictional limits of this Court.

8.      This Court has personal jurisdiction over the parties, all of whom are Texas citizens and residents.

9.      Venue is proper in Harris County pursuant to Texas Civil Practice and Remedies Code §§ 15.002(a)(1), 15.002(a)(2), 101.102 and 15.005 because all or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in Harris County, because all or part of Plaintiffs' cause of action arises in Harris County and/or because an individual defendant resided in Harris County at the time Plaintiffs' cause of action accrued.

### IV.  BRIEF FACTUAL BACKGROUND AND PLAINTIFFS' CAUSE OF ACTION

10.     Pursuant to Texas Rules of Civil Procedure 45 and 47, Plaintiffs provide the following short statement of their causes of action for negligence and violations of 42 U.S.C.

1983, in plain and concise language, sufficient to give fair notice of their claims against Defendants.

11.    Mr. and Mrs. Fowler are the parents of Kevin Fowler.  Kevin is autistic.

12.    On February 4, 2010, a Pasadena Independent School District employee injured Kevin on a school bus.  Kevin has suffered physical injuries and mental/emotional injuries, and likely will continue to suffer from these injuries in the future, probably for the rest of his life.  Kevin's injuries were proximately caused by the negligence of Pasadena Independent School District and/or its employees (collectively referred to as "PISD") as described in this petition.  As one example, PISD's negligence arises out of the use and/or operation of a specially-designed harness that restricted Kevin's mobility and deprived Kevin of the ability to defend himself.  This harness cannot be used in a classroom, or on the playground, or anywhere else other than as part of a motor driven vehicle.  If PISD had not negligently restrained Kevin by strapping him into the harness, then there is no doubt that he could have -- and would have -- protected himself and prevented the injuries inflicted on him.

13.    Texas Civil Practice and Remedies Code §101.021 provides that even a "governmental unit" like PISD is liable for personal injury "proximately caused by the wrongful act or omission or the negligence of an employee" if the personal injury "arises from the operation or use of a motor-driven vehicle" and "the employee would be personally liable to the claimant according to Texas law."  Plaintiffs' negligence claims as described in this petition fall within PISD's waiver of its sovereign and/or governmental immunity.

14.    This is not a case about injuries that could have occurred anywhere, but just happened to occur on a school bus.  The school bus did more than merely furnish the condition that made Kevin's injuries possible.  Kevin's injuries were proximately caused by PISD's wrongful act and/or wrongful omission and/or negligence in using and/or operating a motor driven vehicle.  Again as merely one example, PISD's negligent use and/or operation of the restraining harness that was specially designed for use only in motor driven vehicles actually caused Kevin's injury.

15.    In addition and/or in the alternative to other acts of negligence, PISD was negligent in the following specific ways:  (1) failing to use safe and appropriate procedures during the process of transporting Kevin to and from school, which includes (a) using only necessary, reasonable and/or appropriate restraint -- if any -- of school children and (b) reasonably and appropriately using and/or monitoring a video camera that PISD installed on the school bus and (2) unnecessarily, unreasonably and/or inappropriately using the restraining harness even though, when he was riding the school bus, Kevin wore not only a seat belt but also oversize gloves similar to boxing gloves that prevented him from being able to unlatch the seat belt.  One PISD employee, Julie Reed, has testified that the function of the restraining harness is merely to prevent students from standing and moving around a school bus.  However, because Kevin wore a seat belt and oversize gloves that made it impossible for him to unlatch the seat belt, he could not stand up or move around the bus even if PISD had not used the restraining harness.  PISD also unreasonably and/or inappropriately used and/or failed to use the video camera that it installed on the school bus.

- 4 -

16.     Also in addition and/or in the alternative to other acts of negligence, PISD was negligent in the following additional specific ways:  (1) failing to use safe and appropriate procedures during the use and operation of the school bus -- including the restraining harness; (2) issuing instructions to use the restraining harness when it was unnecessary, unreasonable and/or inappropriate to do so; (3) failing to keep a proper lookout for Kevin's safety; (4) failing to use and/or to operate the school bus -- including the restraining harness -- in a safe and/or reasonable manner and (5) failing adequately to warn Mr. and/or Mrs. Fowler of the potential risks and dangers associated with the restraining harness.

17.     Also in addition and/or in the alternative to other acts of negligence, PISD was negligent in failing and refusing to implement and to comply with its own policies and procedures with respect to (1) the use or non-use of the restraining harness used on Kevin and/or other similar restraints and/or harnesses, (2) preventing, reporting and investigating sexual or other abuse of students, (3) training employees regarding preventing, reporting and investigating sexual or other abuse of students, (4) preventing, reporting, documenting and investigating physical injuries suffered by students, especially students with disabilities, (5) training employees regarding preventing, reporting, documenting and investigating physical injuries suffered by students, especially students with disabilities, (6) the use or non-use of the video camera that PISD installed in the school bus in which Kevin was being transported at the time of his injury, and the reviewing and/or monitoring of videos taken of Kevin while on the bus, (7) training employees regarding the use or non-use of the video camera that PISD installed in the school bus in which Kevin was being transported at the time of his injury, and the reviewing and/or

monitoring of videos taken of Kevin while on the bus, (8) the conduct of school district employees who were allowed to ride the school bus with Kevin and the proper supervision of such conduct and (9) training employees regarding the conduct of school district employees who were allowed to ride the school bus with Kevin and the proper supervision of such conduct.

18.     Pasadena Independent School District is a governmental unit.   Kevin's injuries arose from PISD's operation or use of a motor driven vehicle, and were proximately caused by PISD's negligence and/or wrongful acts or omissions.  The negligent conduct of school district employees occurred within the course and scope of their employment and these school district employees could be liable to Plaintiffs according to Texas law.   A government motor vehicle was used or operated, and there is a nexus between Kevin's injuries and the operation or use of the motor vehicle by a government employee.

19.     Pursuant to Texas Civil Practice and Remedies Code §101.101, PISD had actual notice of Kevin's injuries either on the day that they happened or the day after they happened.

20.     In addition and/or in the alternative to Plaintiffs' negligence claims, the acts and/or omissions of PISD (including but not limited to those previously described in this petition) also violate 42 USC 1983.  PISD's acts and/or omissions have violated Kevin's Constitutional rights, for example, his Constitutional right to bodily safety and integrity and his Constitutional right to personal safety and security.  PISD's officially executed policies, procedures and/or customs were the moving force behind the violations of Kevin's

-- and his parents' -- Constitutional rights.  PISD was deliberately indifferent to the Constitutional rights of both Kevin and of his parents.

21.     Defendants Shiloh and Clay Hill have been involved in decisions regarding Kevin's education.  They have conspired with PISD, including but not limited to Deena Hill (Clay Hill's niece) illegally and/or improperly to obtain and to disburse government funds. Plaintiffs may pursue additional claims against these defendants in this lawsuit or in a separate lawsuit to be filed in the future.

## V.  REQUEST FOR DECLARATORY RELIEF

22.     Plaintiffs assert a declaratory judgment action pursuant to the Texas Uniform Declaratory Judgments Act (Chapter 37 of the Texas Civil Practice and Remedies Code).

23.     Texas Civil Practice and Remedies Code § 37.004 states that "A person ... whose rights, status, or other legal relations are affected by a statute ... may have determined any question of construction or validity arising under the ... statute ... and obtain a declaration of rights, status, or other legal relations thereunder."  § 37.003 also confers "general powers" on this Court "to declare rights, status, and other legal relations whether or not further relief is or could be claimed," and provides that "[t]he declaration may be either affirmative or negative in form and effect, and the declaration has the force and effect of a final judgment or decree."

24.     Plaintiffs therefore respectfully request that this Court enter a declaratory judgment or decree determining the rights, status, and/or or other legal relations of Plaintiffs and PISD pursuant to the Texas Tort Claims Act.

## VI.  CONCLUSION AND PRAYER

25.    Pursuant to Texas Rules of Civil Procedure 62, 63, 64 and any other applicable rules, Plaintiffs reserve their right to amend this petition.

26.    Pursuant to Texas Rule of Civil Procedure 216, Plaintiffs respectfully request a trial by jury.

27.    WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that, after a jury trial, this Court enter a judgment against Defendants, jointly and severally, awarding Plaintiffs their actual damages, costs and reasonable and necessary attorneys' fees as provided in Texas Civil Practice and Remedies Code § 37.009 and in 42 U.S.C. 1988(b), pre-judgment interest as allowed by law, post-judgment interest as allowed by law, and taxable court costs.  Plaintiffs also respectfully request any other relief to which they are or may be entitled.

Respectfully submitted,

THE LITTLE LAW FIRM, P.C.


_____/s/ Joseph R. Little_____

Joseph R. Little
State Bar No. 00784483
440 Louisiana Street, Suite 900
Houston, Texas 77002
(713) 222-1368 - Telephone
(281) 200-0115 - Facsimile
jrl@littlelawtexas.com

Attorney for Plaintiffs

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the above document has been served upon all parties in accordance with the Texas Rules of Civil Procedure on this the 20th day of August, 2012.

_____/s/ Joseph R. Little_____

Joseph R. Little

I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 23, 2012


Certified Document Number:        53110975 Total Pages:  9


Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS


**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

Filed 12 August 16 A2:49
Chris Daniel - District Clerk
Harris County
ED101J017027565
By: adiliani a. solis

NO. 2012-06394

| | | |
|---|---|---|
| ALAN FOWLER AND SUSAN FOWLER, | § | IN THE DISTRICT COURT OF |
| INDIVIDUALLY AND AS NEXT FRIENDS | § | |
| OF THEIR SON, KEVIN FOWLER | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| PASADENA INDEPENDENT SCHOOL | § | |
| DISTRICT,  SHILOH TREATMENT | § | |
| CENTER, INC. AND CLAY HILL | § | |
| | § | |
| Defendants | § | 127th JUDICIAL DISTRICT |

## PLAINTIFFS' FIFTH AMENDED PETITION

TO THE HONORABLE JUDGE OF THIS COURT:

Alan and Susan Fowler, individually and as next friends of their son Kevin ("Plaintiffs"),

file this Fifth Amended Petition complaining of Pasadena Independent School District, Shiloh

Treatment Center, Inc. and Clay Hill ("Defendants"), and respectfully show the following:

### I.  DISCOVERY CONTROL PLAN – LEVEL 3

1.      Pursuant to Texas Rule of Civil Procedure 190.1, Plaintiffs intend to conduct

discovery under Level 3 as set out in Texas Rule of Civil Procedure 190.4.

### II.  PARTIES AND SERVICE

2.      Plaintiff Alan Fowler is an individual citizen and resident of Harris County,

Texas.  Pursuant to Texas Civil Practice and Remedies Code § 30.014(a), the last three numbers

of Mr. Fowler's driver's license are 339 and the last three numbers of his social security number

are 855.

Certified Document Number ☐☐☐☐☐☐☐☐☐ Page ☐ of ☐

3.     Plaintiff Susan Fowler is an individual citizen and resident of Harris County, Texas.  Pursuant to Texas Civil Practice and Remedies Code § 30.014(a), the last three numbers of Mrs. Fowler's driver's license are 305 and the last three numbers of her social security number are 799.

4.     Defendant Pasadena Independent School District has been served with process and has filed an answer.

5.     Defendant Shiloh Treatment Center, Inc. has been served with process and has filed an answer.

6.     Defendant Clay Hill has been served with process and has filed an answer.

### III. JURISDICTION AND VENUE

7.     The damages sought by Plaintiffs are within the jurisdictional limits of this Court.

8.     This Court has personal jurisdiction over the parties, all of whom are Texas citizens and residents.

9.     Venue is proper in Harris County pursuant to Texas Civil Practice and Remedies Code §§ 15.002(a)(1), 15.002(a)(2), 101.102 and 15.005 because all or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in Harris County, because all or part of Plaintiffs' cause of action arises in Harris County and/or because an individual defendant resided in Harris County at the time Plaintiffs' cause of action accrued.

### IV. BRIEF FACTUAL BACKGROUND AND PLAINTIFFS' CAUSE OF ACTION

10.     Pursuant to Texas Rules of Civil Procedure 45 and 47, Plaintiffs provide the following short statement of their cause of action for negligence, in plain and concise language, sufficient to give fair notice of their claims against Defendants.

11.     Mr. and Mrs. Fowler are the parents of Kevin Fowler.  Kevin is autistic.

Certified Document Number ☐ Page ☐ of ☐

12.     On February 4, 2010, a Pasadena Independent School District employee injured Kevin on a school bus.  Kevin has suffered physical injuries and mental/emotional injuries, and likely will continue to suffer from these injuries in the future, probably for the rest of his life. Kevin's injuries were proximately caused by the negligence of Pasadena Independent School District and/or its employees (collectively referred to as "PISD") as described in this petition.  As one example, PISD's negligence arises out of the use and/or operation of a specially-designed harness that restricted Kevin's mobility and deprived Kevin of the ability to defend himself.  This harness cannot be used in a classroom, or on the playground, or anywhere else other than as part of a motor driven vehicle.  If PISD had not negligently restrained Kevin by strapping him into the harness, then there is no doubt that he could have -- and would have -- protected himself and prevented the injuries inflicted on him.

13.     For years, the Fowlers have attempted, repeatedly and without success, to resolve their disputes with PISD privately.  PISD has rejected all of the Fowlers' attempts, apparently hoping to hide behind a cloak of governmental immunity that does not apply to the facts of this case.

14.     Texas Civil Practice and Remedies Code §101.021 provides that even a "governmental unit" like PISD is liable for personal injury "proximately caused by the wrongful act or omission or the negligence of an employee" if the personal injury "arises from the operation or use of a motor-driven vehicle" and "the employee would be personally liable to the claimant according to Texas law."  Plaintiffs' negligence claims as described in this petition fall within PISD's waiver of its sovereign and/or governmental immunity.

15.     This is not a case about injuries that could have occurred anywhere, but just happened to occur on a school bus.  The school bus did more than merely furnish the condition

- 3 -

that made Kevin's injuries possible.   Kevin's injuries were proximately caused by PISD's wrongful act and/or wrongful omission and/or negligence in using and/or operating a motor driven vehicle.   Again as merely one example, PISD's negligent use and/or operation of the restraining harness that was specially designed for use only in motor driven vehicles actually caused Kevin's injury.

16.     In addition and/or in the alternative to other acts of negligence, PISD was negligent in the following specific ways:   (1) failing to use safe and appropriate procedures during the process of transporting Kevin to and from school, which includes (a) using only necessary, reasonable and/or appropriate restraint -- if any -- of school children and (b) reasonably and appropriately using and/or monitoring a video camera that PISD installed on the school bus and (2) unnecessarily, unreasonably and/or inappropriately using the restraining harness even though, when he was riding the school bus, Kevin wore not only a seat belt but also oversize gloves similar to boxing gloves that prevented him from being able to unlatch the seat belt.   One PISD employee, Julie Reed, has testified that the function of the restraining harness is merely to prevent students from standing and moving around a school bus.   However, because Kevin wore a seat belt and oversize gloves that made it impossible for him to unlatch the seat belt, he could not stand up or move around the bus even if PISD had not used the restraining harness.   PISD also unreasonably and/or inappropriately used and/or failed to use the video camera that it installed on the school bus.

17.     Also in addition and/or in the alternative to other acts of negligence, PISD was negligent in the following additional specific ways:   (1) failing to use safe and appropriate procedures during the use and operation of the school bus -- including the restraining harness; (2) issuing instructions to use the restraining harness when it was unnecessary, unreasonable and/or

Certified Document Number: □□□□□□□□ Page □ of □

inappropriate to do so; (3) failing to keep a proper lookout for Kevin's safety; (4) failing to use and/or to operate the school bus -- including the restraining harness -- in a safe and/or reasonable manner and (5) failing adequately to warn Mr. and/or Mrs. Fowler of the potential risks and dangers associated with the restraining harness.

18.     Pasadena Independent School District is a governmental unit.  Kevin's injuries arose from PISD's operation or use of a motor driven vehicle, and were proximately caused by PISD's negligence and/or wrongful acts or omissions.  The negligent conduct of school district employees occurred within the course and scope of their employment and these school district employees could be liable to Plaintiffs according to Texas law.  A government motor vehicle was used or operated, and there is a nexus between Kevin's injuries and the operation or use of the motor vehicle by a government employee.

19.     Pursuant to Texas Civil Practice and Remedies Code §101.101, PISD had actual notice of Kevin's injuries either on the day that they happened or the day after they happened.

20.     Defendants Shiloh and Clay Hill have been involved in decisions regarding Kevin's education.  They have conspired with PISD, including but not limited to Deena Hill (Clay Hill's niece) illegally and/or improperly to obtain and to disburse government funds.  Plaintiffs may pursue additional claims against these defendants in this lawsuit or in a separate lawsuit to be filed in the future.

## V.  REQUEST FOR DECLARATORY RELIEF

21.     Plaintiffs assert a declaratory judgment action pursuant to the Texas Uniform Declaratory Judgments Act (Chapter 37 of the Texas Civil Practice and Remedies Code).

22.     Texas Civil Practice and Remedies Code § 37.004 states that "A person ... whose rights, status, or other legal relations are affected by a statute ... may have determined any

Certified Document Number: ... Page ... of ...

question of construction or validity arising under the ... statute ... and obtain a declaration of rights, status, or other legal relations thereunder."  § 37.003 also confers "general powers" on this Court "to declare rights, status, and other legal relations whether or not further relief is or could be claimed," and provides that "[t]he declaration may be either affirmative or negative in form and effect, and the declaration has the force and effect of a final judgment or decree."

23.     Plaintiffs therefore respectfully request that this Court enter a declaratory judgment or decree determining the rights, status, and/or or other legal relations of Plaintiffs and PISD pursuant to the Texas Tort Claims Act.

## VI.  CONCLUSION AND PRAYER

24.     Pursuant to Texas Rules of Civil Procedure 62, 63, 64 and any other applicable rules, Plaintiffs reserve their right to amend this petition.

25.     Pursuant to Texas Rule of Civil Procedure 216, Plaintiffs respectfully request a trial by jury.

26.     WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that, after a jury trial, this Court enter a judgment against Defendants, jointly and severally, awarding Plaintiffs their actual damages, costs and reasonable and necessary attorneys' fees as provided in Texas Civil Practice and Remedies Code § 37.009, pre-judgment interest as allowed by law, post-judgment interest as allowed by law, and taxable court costs.  Plaintiffs also respectfully request any other relief to which they are or may be entitled.

Respectfully submitted,

THE LITTLE LAW FIRM, P.C.


_____/s/ Joseph R. Little_____

Joseph R. Little
State Bar No. 00784483
440 Louisiana Street, Suite 900
Houston, Texas 77002
(713) 222-1368 - Telephone
(281) 200-0115 - Facsimile
jrl@littlelawtexas.com

Attorney for Plaintiffs


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above document has been served upon all parties in accordance with the Texas Rules of Civil Procedure on this the 16th day of August, 2012.


_____/s/ Joseph R. Little_____

Joseph R. Little

Certified Document Number ☐☐☐☐☐☐☐☐ Page ☐ of ☐



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 21, 2012

Certified Document Number:      53079429 Total Pages:  7

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

Filed 12 April 21 P7:10
Chris Daniel - District Clerk
Harris County
ED101J016841635
By: Roxana Garcia

NO. 2012-06394

| | | |
|---|---|---|
| ALAN FOWLER AND SUSAN FOWLER, | § | IN THE DISTRICT COURT OF |
| INDIVIDUALLY AND AS NEXT FRIENDS | § | |
| OF THEIR SON, KEVIN FOWLER | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| PASADENA INDEPENDENT SCHOOL | § | |
| DISTRICT,  SHILOH TREATMENT | § | |
| CENTER, INC. AND CLAY HILL | § | |
| | § | |
| Defendants | § | 127th JUDICIAL DISTRICT |

## PLAINTIFFS' FOURTH AMENDED PETITION

TO THE HONORABLE JUDGE OF THIS COURT:

Alan and Susan Fowler, individually and as next friend of their son Kevin ("Plaintiffs"),

file this Fourth Amended Petition complaining of Pasadena Independent School District, Shiloh

Treatment Center, Inc. and Clay Hill ("Defendants"), and respectfully show the following:

### I.  DISCOVERY CONTROL PLAN – LEVEL 3

1.      Pursuant to Texas Rule of Civil Procedure 190.1, Plaintiffs intend to conduct

discovery under Level 3 as set out in Texas Rule of Civil Procedure 190.4.

### II.  PARTIES AND SERVICE

2.      Plaintiff Alan Fowler is an individual citizen and resident of Harris County,

Texas.  Pursuant to Texas Civil Practice and Remedies Code § 30.014(a), the last three numbers

of Mr. Fowler's driver's license are 339 and the last three numbers of his social security number

are 855.

Certified Document Number □□□□□□□□□ Page □ of □

3.      Plaintiff Susan Fowler is an individual citizen and resident of Harris County, Texas.  Pursuant to Texas Civil Practice and Remedies Code § 30.014(a), the last three numbers of Mrs. Fowler's driver's license are 305 and the last three numbers of her social security number are 799.

4.      Defendant Pasadena Independent School District has been served with process and has filed an answer.

5.      Defendant Shiloh Treatment Center, Inc. has been served with process and has filed an answer.

6.      Defendant Clay Hill has been served with process and has filed an answer.

### III.  JURISDICTION AND VENUE

7.      The damages sought by Plaintiffs are within the jurisdictional limits of this Court.

8.      This Court has personal jurisdiction over the parties, all of whom are Texas citizens and residents.

9.      Venue is proper in Harris County pursuant to Texas Civil Practice and Remedies Code §§ 15.002(a)(1), 15.002(a)(2), 101.102 and 15.005 because all or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in Harris County, because all or part of Plaintiffs' cause of action arises in Harris County and/or because an individual defendant resided in Harris County at the time Plaintiffs' cause of action accrued.

### IV.  BRIEF FACTUAL BACKGROUND AND PLAINTIFFS' CAUSE OF ACTION

10.      Pursuant to Texas Rules of Civil Procedure 45 and 47, Plaintiffs provide the following short statement of their cause of action for negligence, in plain and concise language, sufficient to give fair notice of their claims against Defendants.

11.      Mr. and Mrs. Fowler are the parents of Kevin Fowler.  Kevin is autistic.

12.     On February 4, 2010, a Pasadena Independent School District ("PISD") employee injured Kevin on a school bus.  The injury was caused by the fact that the PISD employee used a specially-designed harness that restricted Kevin's mobility and deprived Kevin of the ability to defend himself.  This specially-designed harness cannot be used in a classroom, or on the playground, or anywhere else other than as part of a motor driven vehicle.

13.     For more than two years now, the Fowlers have attempted -- repeatedly and without success -- to resolve their disputes with PISD privately.  PISD has rejected all of the Fowlers' attempts, apparently hoping to hide behind a cloak of governmental immunity that does not apply to the facts of this case.

14.     Texas Civil Practice and Remedies Code §101.021 provides that even a "governmental unit" like PISD is liable for personal injury "proximately caused by the wrongful act or omission or the negligence of an employee" if the personal injury "arises from the operation or use of a motor-driven vehicle" and "the employee would be personally liable to the claimant according to Texas law."

15.     This is not a case about an injury that could have occurred anywhere, but just happened to occur on a school bus.  The school bus did more than merely furnish the condition that made Kevin's injury possible.  Kevin's injury was caused by PISD's employee's wrongful act and/or wrongful omission and/or negligence in using and/or operating the immobilizing harness that was specially designed for use only in motor driven vehicles.  The use of the harness actually caused Kevin's injury.  Although Plaintiffs recognize that this is a petition, not a legal brief, the harness in this case is like the auger on the tractor in *Lipan Independent School District v. Bigler,* 187 S.W.3d 747 (Tex.App.—Ft. Worth 2006, pet. denied); the horn on the school bus in *Austin Independent School District v. Gutierrez,* 54 S.W.3d 860 (Tex.App.—Austin 2001, pet.

Certified Document Number: _____ Page ___ of ___

denied); the flashers on the school bus in *Hitchcock v. Garvin,* 738 S.W.2d 34 (Tex.App.—Dallas 1987, no writ); and the loading ramp on the school bus in *El Paso Independent School District v. Apodaca,* 346 S.W.3d 593 (Tex.App.—El Paso 2009, no pet.).

16.     PISD is a governmental unit.   Kevin's injury arose from a PISD employee's operation or use of a motor driven vehicle, and was proximately caused by the employee's negligence and/or wrongful acts or omissions within the course and scope of his employment. The employee could be liable to Plaintiffs according to Texas law.   The Texas Supreme Court has recognized that courts must presume in favor of jurisdiction unless the lack of jurisdiction affirmatively appears on the face of the petition.   *Peek v. Equipment Service Co. of San Antonio,* 779 S.W.2d 802, 804 (Tex. 1989).

17.     Pursuant to §101.101, PISD had actual notice of Kevin's injury either on the day that it happened or the day after it happened.

18.     Defendants Shiloh and Clay Hill have been involved in decisions regarding Kevin's education.   They have conspired with PISD employees, including but not limited to Deena Hill (Clay Hill's niece) to illegally and/or improperly obtain and disburse government funds.   Plaintiffs may pursue additional claims against these defendants in this lawsuit or in a separate lawsuit to be filed in the future.

## V.  REQUEST FOR DECLARATORY RELIEF

19.     Plaintiffs assert a declaratory judgment action pursuant to the Texas Uniform Declaratory Judgments Act (Chapter 37 of the Texas Civil Practice and Remedies Code).

20.     Texas Civil Practice and Remedies Code § 37.004 states that "A person ... whose rights, status, or other legal relations are affected by a statute ... may have determined any question of construction or validity arising under the ... statute ... and obtain a declaration of

- 4 -

rights, status, or other legal relations thereunder." § 37.003 also confers "general powers" on this Court "to declare rights, status, and other legal relations whether or not further relief is or could be claimed," and provides that "[t]he declaration may be either affirmative or negative in form and effect, and the declaration has the force and effect of a final judgment or decree."

21.     Plaintiffs therefore respectfully request that this Court enter a declaratory judgment or decree determining the rights, status, and/or or other legal relations of Plaintiffs and Defendant PISD pursuant to the Texas Tort Claims Act.

22.     PISD apparently misreads this request as some kind of attempt to sidestep the Tort Claims Act.  It is not.  Plaintiffs simply ask the Court to determine whether PISD is correct in its assertion that it can hide behind a cloak of governmental immunity.  If so, then the Court can make that declaration.  If not, then the Court can make that declaration and the parties can settle the case or proceed to trial.

## VI.  CONCLUSION AND PRAYER

23.     Pursuant to Texas Rules of Civil Procedure 62, 63, 64 and any other applicable rules, Plaintiffs reserve their right to amend this petition.

24.     Pursuant to Texas Rule of Civil Procedure 216, Plaintiffs respectfully request a trial by jury.

25.     WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that, after a jury trial, this Court enter a judgment against Defendants, jointly and severally, awarding Plaintiffs their actual damages, costs and reasonable and necessary attorneys' fees as provided in Texas Civil Practice and Remedies Code § 37.009, pre-judgment interest as allowed by law, post-judgment interest as allowed by law, and taxable court costs.  Plaintiffs also respectfully request any other relief to which they are or may be entitled.

Respectfully submitted,

THE LITTLE LAW FIRM, P.C.


_____/s/ Joseph R. Little_____

Joseph R. Little
State Bar No. 00784483
440 Louisiana Street, Suite 900
Houston, Texas 77002
(713) 222-1368 - Telephone
(281) 200-0115 - Facsimile
jrl@littlelawtexas.com

Attorney for Plaintiffs


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above document has been served upon all parties in accordance with the Texas Rules of Civil Procedure on this the 21st day of April, 2012.


_____/s/ Joseph R. Little_____

Joseph R. Little

Certified Document Number □□□□□□□□□ Page □ of □



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   <u>August 21, 2012</u>


Certified Document Number:        <u>51994262 Total Pages:  6</u>


*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS


**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

Filed 12 July 20 P1:20
Chris Daniel - District Clerk
Harris County
ED101J016985870
By: adiliani a. solis

NO. 2012-06394

| | | |
|---|---|---|
| A.F. AND S.F., | § | IN THE DISTRICT COURT |
| INDIVIDUALLY AND AS NEXT FRIENDS | § | |
| OF THEIR SON, K.F., | § | |
| | § | |
| Plaintiffs, | § | |
| vs. | § | |
| | § | OF HARRIS COUNTY, TEXAS |
| PASADENA INDEPENDENT SCHOOL | § | |
| DISTRICT, | § | |
| SHILOH TREATMENT CENTER, INC. | § | |
| AND CLAY HILL, | § | |
| | § | |
| Defendants. | § | 127TH JUDICIAL DISTRICT |

## DEFENDANT PASADENA INDEPENDENT SCHOOL DISTRICT'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES

Defendant Pasadena Independent School District (PISD or the District) files its First Amended Answer and Affirmative Defenses as follows:

### I.
### General Denial

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, PISD generally denies each and every allegation contained in Plaintiffs' Fourth Amended Petition and demands strict proof thereof by a preponderance of the evidence.

### II.
### Affirmative Defenses

Pursuant to Rule 94 of the Texas Rules of Civil Procedure, and without waiving the foregoing general denial, PISD hereby asserts the following affirmative defenses:

    a.  PISD affirmatively pleads that it is exempted or immune from exemplary or punitive damages;

    b.  Plaintiffs' claims are barred by PISD's entitlement to governmental immunity;

Certified Document Number: 52835038 - Page 1 of 4

c. Plaintiffs' claims are barred, in whole or in part, by PISD's entitlement to governmental immunity under the intentional tort exception to the Texas Tort Claims Act under Section 101.057(2) of the Texas Civil Practice and Remedies Code;

d. PISD affirmatively pleads that Plaintiffs' claims may be barred, in whole or in part, by the occurrence of intervening, superseding causes;

e. PISD affirmatively pleads that Plaintiffs' claims may be barred, in whole or in part, by their failure to exhaust administrative remedies;

f. PISD invokes the protections afforded by Chapter 33 of the Texas Civil Practice and Remedies Code;

g. PISD invokes the protections afforded by Chapter 41 of the Texas Civil Practice and Remedies Code;

h. PISD invokes the damages caps set forth in Chapters 101-102 of Texas Civil Practice and Remedies Code.

## III.
## Reservation of Right to Amend

PISD, subject to the foregoing general denial and affirmative defenses, and without waiving the same, specifically reserves the right to answer the allegations contained in Plaintiffs' Fourth Amended Petition more fully at a later date when the facts concerning the same may be more exactly developed, such right being held pursuant to the Constitution and the laws of the State of Texas and the Texas Rules of Civil Procedure.

## IV.
## Prayer

Defendant Pasadena Independent School District prays that Plaintiffs take nothing by their suit; that judgment be entered in favor of PISD and for all such further and other relief to which it may show itself justly entitled.

Certified Document Number: 52835038 - Page 2 of 4

Respectfully submitted,

ROGERS, MORRIS & GROVER, L.L.P.

_____
J. ERIK NICHOLS
State Bar No. 00788119
Email:  enichols@rmgllp.com
JONATHAN G. BRUSH
State Bar No. 24045576
Email:  jbrush@rmgllp.com
STEPHANIE E. MAHER
State Bar No. 24074637
Email:  smaher@rmgllp.com
5718 Westheimer, Suite 1200
Houston, Texas 77057
Telephone:    713/960-6000
Facsimile:    713/960-6025

ATTORNEYS FOR DEFENDANT
PASADENA INDEPENDENT SCHOOL
DISTRICT

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2012, I electronically filed the foregoing document with the Clerk of Court using Texas Online through CaseFileXpress system, which will send notification of such filing, and by certified mail, return receipt requested to the following:

Joseph R. Little
440 Louisiana Street, Suite 900
Houston, Texas 77002
*(Via Electronic Notice and CM, RRR)*

Wes Griggs
301 South 17th Street
P.O. Box 517
West Columbia, Texas 77486
*(Via Electronic Notice and CM, RRR)*

_____
Attorney for Defendant



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 21, 2012

Certified Document Number:        52835038 Total Pages:  4

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

Filed 12 April 9 P6:41
Chris Daniel - District Clerk
Harris County
ED101J016820266
By: Roxana Garcia

NO. 2012-06394

| | | |
|---|---|---|
| ALAN FOWLER AND SUSAN FOWLER, | § | IN THE DISTRICT COURT OF |
| INDIVIDUALLY AND AS NEXT FRIENDS | § | |
| OF THEIR SON, KEVIN FOWLER | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| PASADENA INDEPENDENT SCHOOL | § | |
| DISTRICT,  SHILOH TREATMENT | § | |
| CENTER, INC. AND CLAY HILL | § | |
| | § | |
| Defendants | § | 127th JUDICIAL DISTRICT |

## PLAINTIFFS' THIRD AMENDED PETITION

TO THE HONORABLE JUDGE OF THIS COURT:

Alan and Susan Fowler, individually and as next friend of their son Kevin ("Plaintiffs"),

file this Third Amended Petition complaining of Pasadena Independent School District, Shiloh

Treatment Center, Inc. and Clay Hill ("Defendants"), and respectfully show the following:

### I.  DISCOVERY CONTROL PLAN – LEVEL 3

1.     Pursuant to Texas Rule of Civil Procedure 190.1, Plaintiffs intend to conduct

discovery under Level 3 as set out in Texas Rule of Civil Procedure 190.4.

### II.  PARTIES AND SERVICE

2.     Plaintiff Alan Fowler is an individual citizen and resident of Harris County,

Texas.  Pursuant to Texas Civil Practice and Remedies Code § 30.014(a), the last three numbers

of Mr. Fowler's driver's license are 339 and the last three numbers of his social security number

are 855.

3.      Plaintiff Susan Fowler is an individual citizen and resident of Harris County, Texas.  Pursuant to Texas Civil Practice and Remedies Code § 30.014(a), the last three numbers of Mrs. Fowler's driver's license are 305 and the last three numbers of her social security number are 799.

4.      Defendant Pasadena Independent School District has been served with process and has filed an answer.

5.      Defendant Shiloh Treatment Center, Inc. has been served with process and has filed an answer.

6.      Defendant Clay Hill has been served with process and has filed an answer.

### III.  JURISDICTION AND VENUE

7.      The damages sought by Plaintiffs are within the jurisdictional limits of this Court.

8.      This Court has personal jurisdiction over the parties, all of whom are Texas citizens and residents.

9.      Venue is proper in Harris County pursuant to Texas Civil Practice and Remedies Code §§ 15.002(a)(1), 15.002(a)(2) and 15.005 because all or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in Harris County and because one or more of the individual defendants resided in Harris County at the time Plaintiffs' cause of action accrued.

### IV.  BRIEF FACTUAL BACKGROUND AND PLAINTIFFS' CAUSE OF ACTION

10.     Pursuant to Texas Rules of Civil Procedure 45 and 47, Plaintiffs provide the following short statement of their cause of action for negligence, in plain and concise language, sufficient to give fair notice of their claims against Defendants.

11.     Mr. and Mrs. Fowler are the parents of Kevin Fowler.  Kevin is autistic. Defendants have been involved in making certain decisions regarding Kevin and his education.

Certified Document ☐u☐er ☐☐☐☐☐☐☐☐☐ Pa☐e of ☐

12.     Kevin sustained serious and permanent injuries in an occurrence on February 4, 2010.  Defendants' negligence proximately caused the damages that Kevin has sustained as a direct result of this occurrence.

## V.  REQUEST FOR DECLARATORY RELIEF

13.     Some of the defendants in this case have filed pleadings raising certain issues relating to the Texas Tort Claims Act (Chapter 101 of the Texas Civil Practice and Remedies Code).

14.     Accordingly, Plaintiffs assert a declaratory judgment action pursuant to the Texas Uniform Declaratory Judgments Act (Chapter 37 of the Texas Civil Practice and Remedies Code).

15.     Texas Civil Practice and Remedies Code § 37.004 states that "A person ... whose rights, status, or other legal relations are affected by a statute ... may have determined any question of construction or validity arising under the ... statute ... and obtain a declaration of rights, status, or other legal relations thereunder."  § 37.003 also confers "general powers" on this Court "to declare rights, status, and other legal relations whether or not further relief is or could be claimed," and provides that "[t]he declaration may be either affirmative or negative in form and effect, and the declaration has the force and effect of a final judgment or decree."

16.     Plaintiff therefore respectfully requests that this Court enter a declaratory judgment or decree determining the rights, status, and/or or other legal relations of Plaintiffs and Defendants pursuant to the Texas Tort Claims Act.

## VI.  CONCLUSION AND PRAYER

17.    Pursuant to Texas Rules of Civil Procedure 62, 63, 64 and any other applicable rules, Plaintiffs reserve their right to amend this petition.

18.    Pursuant to Texas Rule of Civil Procedure 216, Plaintiffs respectfully request a trial by jury.

19.    WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that, after a jury trial, this Court enter a judgment against Defendants, jointly and severally, awarding Plaintiffs their actual damages, costs and reasonable and necessary attorneys' fees as provided in Texas Civil Practice and Remedies Code § 37.009, pre-judgment interest as allowed by law, post-judgment interest as allowed by law, and taxable court costs.  Plaintiffs also respectfully request any other relief to which they are or may be entitled.

Respectfully submitted,

THE LITTLE LAW FIRM, P.C.


_____/s/ Joseph R. Little_____
Joseph R. Little
State Bar No. 00784483
440 Louisiana Street, Suite 900
Houston, Texas 77002
(713) 222-1368 - Telephone
(281) 200-0115 - Facsimile
jrl@littlelawtexas.com

Attorney for Plaintiffs

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the above document has been served upon all parties in accordance with the Texas Rules of Civil Procedure on this the 9th day of April, 2012.

                          /s/ Joseph R. Little
                        Joseph R. Little

Certified Document Number ⬜ ⬜ ⬜ ⬜ ⬜ ⬜ ⬜ ⬜ Page ⬜ of ⬜



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 21, 2012

Certified Document Number:        51868896 Total Pages:  5

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

Filed 12 April 5 P12:06
Chris Daniel - District Clerk
Harris County
ED101J016814885
By: Wanda Chambers

NO. 2012-06394

| | | |
|---|---|---|
| ALAN FOWLER AND SUSAN FOWLER, | § | IN THE DISTRICT COURT OF |
| INDIVIDUALLY AND AS NEXT FRIENDS | § | |
| OF THEIR SON, KEVIN FOWLER | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| PASADENA INDEPENDENT SCHOOL | § | |
| DISTRICT, SHILOH TREATMENT | § | |
| CENTER, INC. AND CLAY HILL | § | |
| | § | |
| Defendants | § | 127th JUDICIAL DISTRICT |

## PLAINTIFFS' FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF THIS COURT:

Alan and Susan Fowler, individually and as next friend of their son Kevin ("Plaintiffs"), file this First Amended Petition complaining of Pasadena Independent School District, Kirk Lewis, Deena Hill, Shiloh Treatment Center, Inc. and Clay Hill ("Defendants"), and respectfully show the following:

## I. DISCOVERY CONTROL PLAN – LEVEL 3

1.      Pursuant to Texas Rule of Civil Procedure 190.1, Plaintiffs intend to conduct discovery under Level 3 as set out in Texas Rule of Civil Procedure 190.4.

## II. PARTIES AND SERVICE

2.      Plaintiff Alan Fowler is an individual citizen and resident of Harris County, Texas.  Pursuant to Texas Civil Practice and Remedies Code § 30.014(a), the last three numbers of Mr. Fowler's driver's license are 339 and the last three numbers of his social security number are 855.

Certified Document Number: _____ Page ___ of ___

3.      Plaintiff Susan Fowler is an individual citizen and resident of Harris County, Texas.  Pursuant to Texas Civil Practice and Remedies Code § 30.014(a), the last three numbers of Mrs. Fowler's driver's license are 305 and the last three numbers of her social security number are 799.

4.      Defendant Pasadena Independent School District has been served with process and has filed an answer.

5.      Defendant Shiloh Treatment Center, Inc. has been served with process and has filed an answer.

6.      Defendant Clay Hill has been served with process and has filed an answer.

### III.  JURISDICTION AND VENUE

7.      The damages sought by Plaintiffs are within the jurisdictional limits of this Court.

8.      This Court has personal jurisdiction over the parties, all of whom are Texas citizens and residents.

9.      Venue is proper in Harris County pursuant to Texas Civil Practice and Remedies Code §§ 15.002(a)(1), 15.002(a)(2) and 15.005 because all or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in Harris County and because one or more of the individual defendants resided in Harris County at the time Plaintiffs' cause of action accrued.

### IV.  BRIEF FACTUAL BACKGROUND AND PLAINTIFFS' CAUSE OF ACTION

10.      Pursuant to Texas Rules of Civil Procedure 45 and 47, Plaintiffs provide the following short statement of their cause of action for negligence, in plain and concise language, sufficient to give fair notice of their claims against Defendants.

11.      Mr. and Mrs. Fowler are the parents of Kevin Fowler.  Kevin is autistic. Defendants have been involved in making certain decisions regarding Kevin and his education.

Certified Document Number: ... Page ... of ...

12.     Kevin sustained serious and permanent injuries in an occurrence on February 4, 2010.  Defendants' negligence proximately caused the damages that Kevin has sustained as a direct result of this occurrence.

## V.  REQUEST FOR DECLARATORY RELIEF

13.     Some of the defendants in this case have filed pleadings raising certain issues relating to the Texas Tort Claims Act (Chapter 101 of the Texas Civil Practice and Remedies Code).

14.     Accordingly, Plaintiffs assert a declaratory judgment action pursuant to the Texas Uniform Declaratory Judgments Act (Chapter 37 of the Texas Civil Practice and Remedies Code).

15.     Texas Civil Practice and Remedies Code § 37.004 states that "A person ... whose rights, status, or other legal relations are affected by a statute ... may have determined any question of construction or validity arising under the ... statute ... and obtain a declaration of rights, status, or other legal relations thereunder."  § 37.003 also confers "general powers" on this Court "to declare rights, status, and other legal relations whether or not further relief is or could be claimed," and provides that "[t]he declaration may be either affirmative or negative in form and effect, and the declaration has the force and effect of a final judgment or decree."

16.     Plaintiff therefore respectfully requests that this Court enter a declaratory judgment or decree determining the rights, status, and/or or other legal relations of Plaintiffs and Defendants pursuant to the Texas Tort Claims Act.

Certified Document Number: ... Page ... of ...

## VI.  CONCLUSION AND PRAYER

17.     Pursuant to Texas Rules of Civil Procedure 62, 63, 64 and any other applicable rules, Plaintiffs reserve their right to amend this petition.

18.     Pursuant to Texas Rule of Civil Procedure 216, Plaintiffs respectfully request a trial by jury.

19.     WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that, after a jury trial, this Court enter a judgment against Defendants, jointly and severally, awarding Plaintiffs their actual damages, costs and reasonable and necessary attorneys' fees as provided in Texas Civil Practice and Remedies Code § 37.009, pre-judgment interest as allowed by law, post-judgment interest as allowed by law, and taxable court costs.  Plaintiffs also respectfully request any other relief to which they are or may be entitled.

Respectfully submitted,

THE LITTLE LAW FIRM, P.C.

_____/s/ Joseph R. Little_____

Joseph R. Little
State Bar No. 00784483
440 Louisiana Street, Suite 900
Houston, Texas 77002
(713) 222-1368 - Telephone
(281) 200-0115 - Facsimile
jrl@littlelawtexas.com

Attorney for Plaintiffs

- 4 -

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the above document has been served upon all parties in accordance with the Texas Rules of Civil Procedure on this the 5th day of April, 2012.

_____/s/ Joseph R. Little_____
Joseph R. Little

I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 21, 2012

Certified Document Number:        51842413 Total Pages:  5

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

Filed 12 April 5 P7:01
Chris Daniel - District Clerk
Harris County
ED101J016816727
By: Roxana Garcia

NO. 2012-06394

| | | |
|---|---|---|
| ALAN FOWLER AND SUSAN FOWLER, | § | IN THE DISTRICT COURT OF |
| INDIVIDUALLY AND AS NEXT FRIENDS | § | |
| OF THEIR SON, KEVIN FOWLER | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| PASADENA INDEPENDENT SCHOOL | § | |
| DISTRICT,  SHILOH TREATMENT | § | |
| CENTER, INC. AND CLAY HILL | § | |
| | § | |
| Defendants | § | 127th JUDICIAL DISTRICT |

## PLAINTIFFS' SECOND AMENDED PETITION

TO THE HONORABLE JUDGE OF THIS COURT:

Alan and Susan Fowler, individually and as next friend of their son Kevin ("Plaintiffs"),

file this Second Amended Petition complaining of Pasadena Independent School District, Kirk

Lewis, Deena Hill, Shiloh Treatment Center, Inc. and Clay Hill ("Defendants"), and respectfully

show the following:

### I.  DISCOVERY CONTROL PLAN – LEVEL 3

1.      Pursuant to Texas Rule of Civil Procedure 190.1, Plaintiffs intend to conduct

discovery under Level 3 as set out in Texas Rule of Civil Procedure 190.4.

### II.  PARTIES AND SERVICE

2.      Plaintiff Alan Fowler is an individual citizen and resident of Harris County,

Texas.  Pursuant to Texas Civil Practice and Remedies Code § 30.014(a), the last three numbers

of Mr. Fowler's driver's license are 339 and the last three numbers of his social security number

are 855.

Certified Document Number: ............ Page of

3.      Plaintiff Susan Fowler is an individual citizen and resident of Harris County, Texas.  Pursuant to Texas Civil Practice and Remedies Code § 30.014(a), the last three numbers of Mrs. Fowler's driver's license are 305 and the last three numbers of her social security number are 799.

4.      Defendant Pasadena Independent School District has been served with process and has filed an answer.

5.      Defendant Shiloh Treatment Center, Inc. has been served with process and has filed an answer.

6.      Defendant Clay Hill has been served with process and has filed an answer.

### III.  JURISDICTION AND VENUE

7.      The damages sought by Plaintiffs are within the jurisdictional limits of this Court.

8.      This Court has personal jurisdiction over the parties, all of whom are Texas citizens and residents.

9.      Venue is proper in Harris County pursuant to Texas Civil Practice and Remedies Code §§ 15.002(a)(1), 15.002(a)(2) and 15.005 because all or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in Harris County and because one or more of the individual defendants resided in Harris County at the time Plaintiffs' cause of action accrued.

### IV.  BRIEF FACTUAL BACKGROUND AND PLAINTIFFS' CAUSE OF ACTION

10.     Pursuant to Texas Rules of Civil Procedure 45 and 47, Plaintiffs provide the following short statement of their cause of action for negligence, in plain and concise language, sufficient to give fair notice of their claims against Defendants.

11.     Mr. and Mrs. Fowler are the parents of Kevin Fowler.  Kevin is autistic. Defendants have been involved in making certain decisions regarding Kevin and his education.

12.     Kevin sustained serious and permanent injuries in an occurrence on February 4, 2010.  Defendants' negligence proximately caused the damages that Kevin has sustained as a direct result of this occurrence.

## V.  REQUEST FOR DECLARATORY RELIEF

13.     Some of the defendants in this case have filed pleadings raising certain issues relating to the Texas Tort Claims Act (Chapter 101 of the Texas Civil Practice and Remedies Code).

14.     Accordingly, Plaintiffs assert a declaratory judgment action pursuant to the Texas Uniform Declaratory Judgments Act (Chapter 37 of the Texas Civil Practice and Remedies Code).

15.     Texas Civil Practice and Remedies Code § 37.004 states that "A person ... whose rights, status, or other legal relations are affected by a statute ... may have determined any question of construction or validity arising under the ... statute ... and obtain a declaration of rights, status, or other legal relations thereunder."  § 37.003 also confers "general powers" on this Court "to declare rights, status, and other legal relations whether or not further relief is or could be claimed," and provides that "[t]he declaration may be either affirmative or negative in form and effect, and the declaration has the force and effect of a final judgment or decree."

16.     Plaintiff therefore respectfully requests that this Court enter a declaratory judgment or decree determining the rights, status, and/or or other legal relations of Plaintiffs and Defendants pursuant to the Texas Tort Claims Act.

Certified Document Number: ... Page ... of ...

## VI.  CONCLUSION AND PRAYER

17.     Pursuant to Texas Rules of Civil Procedure 62, 63, 64 and any other applicable rules, Plaintiffs reserve their right to amend this petition.

18.     Pursuant to Texas Rule of Civil Procedure 216, Plaintiffs respectfully request a trial by jury.

19.     WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that, after a jury trial, this Court enter a judgment against Defendants, jointly and severally, awarding Plaintiffs their actual damages, costs and reasonable and necessary attorneys' fees as provided in Texas Civil Practice and Remedies Code § 37.009, pre-judgment interest as allowed by law, post-judgment interest as allowed by law, and taxable court costs.  Plaintiffs also respectfully request any other relief to which they are or may be entitled.

Respectfully submitted,

THE LITTLE LAW FIRM, P.C.

_____/s/ Joseph R. Little_____
Joseph R. Little
State Bar No. 00784483
440 Louisiana Street, Suite 900
Houston, Texas 77002
(713) 222-1368 - Telephone
(281) 200-0115 - Facsimile
jrl@littlelawtexas.com

Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above document has been served upon all parties in accordance with the Texas Rules of Civil Procedure on this the 5th day of April, 2012.

/s/ Joseph R. Little
Joseph R. Little



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 21, 2012

Certified Document Number:        51854697 Total Pages:  5

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

Filed 12 April 4 A9:42
Chris Daniel - District Clerk
Harris County
ED101J016812140
By: Roxana Garcia

NO. 2012-06394

| | | |
|---|---|---|
| ALAN FOWLER AND SUSAN FOWLER, | § | IN THE DISTRICT COURT OF |
| INDIVIDUALLY AND AS NEXT FRIENDS | § | |
| OF THEIR SON, KEVIN FOWLER | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| PASADENA INDEPENDENT SCHOOL | § | |
| DISTRICT, KIRK LEWIS, DEENA HILL, | § | |
| SHILOH TREATMENT CENTER, INC. AND | § | |
| CLAY HILL | § | |
| | § | |
| Defendants | § | 127th JUDICIAL DISTRICT |

## PLAINTIFFS' FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF THIS COURT:

Alan and Susan Fowler, individually and as next friend of their son Kevin ("Plaintiffs"), file this First Amended Petition complaining of Pasadena Independent School District, Kirk Lewis, Deena Hill, Shiloh Treatment Center, Inc. and Clay Hill ("Defendants"), and respectfully show the following:

### I. DISCOVERY CONTROL PLAN – LEVEL 3

1.      Pursuant to Texas Rule of Civil Procedure 190.1, Plaintiffs intend to conduct discovery under Level 3 as set out in Texas Rule of Civil Procedure 190.4.

### II. PARTIES AND SERVICE

2.      Plaintiff Alan Fowler is an individual citizen and resident of Harris County, Texas.  Pursuant to Texas Civil Practice and Remedies Code § 30.014(a), the last three numbers of Mr. Fowler's driver's license are 339 and the last three numbers of his social security number are 855.

Certified Document Number ☐ ☐ ☐ - Page ☐ of ☐

3.      Plaintiff Susan Fowler is an individual citizen and resident of Harris County, Texas.  Pursuant to Texas Civil Practice and Remedies Code § 30.014(a), the last three numbers of Mrs. Fowler's driver's license are 305 and the last three numbers of her social security number are 799.

4.      Defendant Pasadena Independent School District has been served with process and has filed an answer.

5.      Defendant Kirk Lewis has been served with process and has filed an answer.

6.      Defendant Deena Hill has been served with process and has filed an answer.

7.      Defendant Shiloh Treatment Center, Inc. has been served with process and has filed an answer.

8.      Defendant Clay Hill has been served with process and has filed an answer.

### III.  JURISDICTION AND VENUE

9.      The damages sought by Plaintiffs are within the jurisdictional limits of this Court.

10.     This Court has personal jurisdiction over the parties, all of whom are Texas citizens and residents.

11.     Venue is proper in Harris County pursuant to Texas Civil Practice and Remedies Code §§ 15.002(a)(1), 15.002(a)(2) and 15.005 because all or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in Harris County and because one or more of the individual defendants resided in Harris County at the time Plaintiffs' cause of action accrued.

### IV.  BRIEF FACTUAL BACKGROUND AND PLAINTIFFS' CAUSE OF ACTION

12.     Pursuant to Texas Rules of Civil Procedure 45 and 47, Plaintiffs provide the following short statement of their cause of action for negligence, in plain and concise language, sufficient to give fair notice of their claims against Defendants.

Certified Document Number: □□□□□□□□□□□□ Page □ of □

13.     Mr. and Mrs. Fowler are the parents of Kevin Fowler.   Kevin is autistic. Defendants have been involved in making certain decisions regarding Kevin and his education.

14.     Kevin sustained serious and permanent injuries in an occurrence on February 4, 2010.  Defendants' negligence proximately caused the damages that Kevin has sustained as a direct result of this occurrence.

## V.  REQUEST FOR DECLARATORY RELIEF

15.     Some of the defendants in this case have filed pleadings raising certain issues relating to the Texas Tort Claims Act (Chapter 101 of the Texas Civil Practice and Remedies Code).

16.     Accordingly, Plaintiffs assert a declaratory judgment action pursuant to the Texas Uniform Declaratory Judgments Act (Chapter 37 of the Texas Civil Practice and Remedies Code).

17.     Texas Civil Practice and Remedies Code § 37.004 states that "A person ... whose rights, status, or other legal relations are affected by a statute ... may have determined any question of construction or validity arising under the ... statute ... and obtain a declaration of rights, status, or other legal relations thereunder."  § 37.003 also confers "general powers" on this Court "to declare rights, status, and other legal relations whether or not further relief is or could be claimed," and provides that "[t]he declaration may be either affirmative or negative in form and effect, and the declaration has the force and effect of a final judgment or decree."

18.     Plaintiff therefore respectfully requests that this Court enter a declaratory judgment or decree determining the rights, status, and/or or other legal relations of Plaintiffs and Defendants pursuant to the Texas Tort Claims Act.

Certified Document Number: ... Page ... of ...

## VI.  CONCLUSION AND PRAYER

19.     Pursuant to Texas Rules of Civil Procedure 62, 63, 64 and any other applicable rules, Plaintiffs reserve their right to amend this petition.

20.     Pursuant to Texas Rule of Civil Procedure 216, Plaintiffs respectfully request a trial by jury.

21.     WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that, after a jury trial, this Court enter a judgment against Defendants, jointly and severally, awarding Plaintiffs their actual damages, costs and reasonable and necessary attorneys' fees as provided in Texas Civil Practice and Remedies Code § 37.009, pre-judgment interest as allowed by law, post-judgment interest as allowed by law, and taxable court costs.  Plaintiffs also respectfully request any other relief to which they are or may be entitled.

Respectfully submitted,

THE LITTLE LAW FIRM, P.C.


_____/s/ Joseph R. Little_____
Joseph R. Little
State Bar No. 00784483
440 Louisiana Street, Suite 900
Houston, Texas 77002
(713) 222-1368 - Telephone
(281) 200-0115 - Facsimile
jrl@littlelawtexas.com

Attorney for Plaintiffs

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the above document has been served upon all parties in accordance with the Texas Rules of Civil Procedure on this the 4th day of April, 2012.

_____/s/ Joseph R. Little_____
Joseph R. Little

Certified Document Number ░░░░░░░░░ Page ░ of ░



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 21, 2012

Certified Document Number:        51825406 Total Pages:  5

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

Filed 12 March 2 A8:40
Chris Daniel - District Clerk
Harris County
ED101J016755477
By: candice d haynes

**NO. 2012-06394**

| | | |
|---|---|---|
| ALAN FOWLER AND SUSAN FOWLER, INDIVIDUALLY AND AS NEXT FRIENDS OF THEIR SON, KEVIN FOWLER | §<br>§<br>§<br>§ | **IN THE DISTRICT COURT OF** |
| **VS.** | §<br>§ | **HARRIS COUNTY, TEXAS** |
| PASADENA INDEPENDENT SCHOOL DISTRICT, KIRK LEWIS, DEENA HILL, SHILOH TREATMENT CENTER, INC., AND CLAY HILL | §<br>§<br>§<br>§<br>§<br>§ | **127TH JUDICIAL DISTRICT** |

## DEFENDANTS' ORIGINAL ANSWER

**NOW COME** Defendants, Shiloh Treatment Center, Inc., and Clay Hill, named Defendants in the above-entitled and numbered cause, and file this Original Answer, and show the Court:

### GENERAL DENIAL

1.      Defendants deny each and every allegation of Plaintiffs' Original Petition, and demand strict proof thereof as required by the Texas Rules of Civil Procedure.

### REQUEST FOR DISCLOSURE

2.      Pursuant to Texas Rule of Civil Procedure 194, you are requested to disclose, within thirty (30) days of service of this request, the information and material described in Rule 194.2 as set forth on Exhibit "A" attached hereto.

### PRAYER

Defendants pray the Court, after notice and hearing or trial, enters judgment in favor of Defendants, awards Defendants the costs of court, attorney's fees, and such other and further relief as Defendants may be entitled to in law or in equity.

Respectfully submitted,

By: _____
Wes Griggs
Texas Bar No. 08489100

**CONDITIONALLY**
**FILED**
Chris Daniel District Clerk

FEB 2 0 2012

Time: _____
Harris County, Texas
By _____
Deputy

Certified Document Number: 51516708 - Page 1 of 2

Certified Document Number: 51516708 - Page 2 of 2



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 21, 2012

Certified Document Number:        51516708 Total Pages:  2

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

Filed 12 February 23 P1:38
Chris Daniel - District Clerk
Harris County
ED101J016742352
By: candice d. haynes

NO. 2012-06394

| | | |
|---|---|---|
| A.F. AND S.F., | § | IN THE DISTRICT COURT |
| INDIVIDUALLY AND AS NEXT FRIENDS | § | |
| OF THEIR SON, K.F., | § | |
| | § | |
| Plaintiffs, | § | |
| vs. | § | |
| | § | OF HARRIS COUNTY, TEXAS |
| PASADENA INDEPENDENT SCHOOL | § | |
| DISTRICT, KIRK LEWIS, DEENA HILL, | § | |
| SHILOH TREATMENT CENTER, INC. | § | |
| AND CLAY HILL, | § | |
| | § | |
| Defendants. | § | 127TH JUDICIAL DISTRICT |

## DEFENDANTS PASADENA INDEPENDENT SCHOOL DISTRICT, DR. KIRK LEWIS, AND DR. DEENA HILL'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

Defendants Pasadena Independent School District (PISD or the District), Dr. Kirk Lewis (Dr. Lewis), and Dr. Deena Hill (Dr. Hill) (collectively Defendants) file their Original Answer and Affirmative Defenses as follows:

## I.
## General Denial

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny each and every allegation contained in Plaintiffs' Original Petition and demand strict proof thereof by a preponderance of the evidence.

## II.
## Affirmative Defenses

Pursuant to Rule 94 of the Texas Rules of Civil Procedure, and without waiving the foregoing general denial, Defendants hereby assert the following affirmative defenses:

a. Plaintiffs' negligence claims against Dr. Lewis and Dr. Hill are barred by the election of remedies provision set forth in section 101.106 of the Texas Civil Practice and Remedies Code;

b. Defendants affirmatively plead that they are exempted or immune from exemplary or punitive damages;

c. Plaintiffs' claims are barred, in whole or in part, by PISD's entitlement to governmental immunity;

d. Plaintiffs' claims against Dr. Lewis and Dr. Hill may be barred by Plaintiffs' failure to exhaust administrative remedies;

e. Defendants Dr. Lewis and Dr. Hill invoke the affirmative defense of professional immunity and all of the protections and benefits afforded by professional immunity with respect to Plaintiff's claims against them in their individual capacity.  *See* Tex. Educ. Code Ann. §§ 22.051-22.055 (West 2006 & Supp. 2010)

f. Defendants invoke the protections afforded by Chapter 33 of the Texas Civil Practice and Remedies Code;

g. Defendants invoke the protections afforded by Chapter 41 of the Texas Civil Practice and Remedies Code;

h. Defendants invoke the damages caps set forth in Chapters 101-102 of Texas Civil Practice and Remedies Code.

### III.
### Reservation of Right to Amend

Defendants, subject to the foregoing general denial and affirmative defenses, and without waiving the same, specifically reserve the right to answer the allegations contained in Plaintiffs' Original Petition more fully at a later date when the facts concerning the same may be more exactly developed, such right being held pursuant to the Constitution and the laws of the State of Texas and the Texas Rules of Civil Procedure.

Certified Document Number: 51435746 - Page 2 of 4

## IV.
## Prayer

Defendants pray that Plaintiffs take nothing by their suit; that judgment be entered in favor of Defendants Pasadena Independent School District, Dr. Kirk Lewis and Dr. Deena Hill and for all such further and other relief to which they may show themselves justly entitled.

Respectfully submitted,

ROGERS, MORRIS & GROVER, L.L.P.

_____
J. ERIK NICHOLS
State Bar No. 00788119
Email: enichols@rmgllp.com
JONATHAN G. BRUSH
State Bar No. 24045576
Email: jbrush@rmgllp.com
STEPHANIE E. MAHER
State Bar No. 24074637
Email: smaher@rmgllp.com
5718 Westheimer, Suite 1200
Houston, Texas 77057
Telephone: 713/960-6000
Facsimile: 713/960-6025

ATTORNEY FOR DEFENDANTS
PASADENA INDEPENDENT SCHOOL
DISTRICT, DR. KIRK LEWIS, and DR.
DEENA HILL

Certified Document Number: 51435746 - Page 3 of 4

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 23, 2012, a true and correct copy of the foregoing document was served on all counsel of record *via* Facsimile and United States mail, certified, return receipt requested, and addressed as follows:

Joseph R. Little
440 Louisiana Street, Suite 900
Houston, Texas 77002
*(Via Facsimile and Certified Mail RRR)*

_____
Attorney for Defendants

Certified Document Number: 51435746 - Page 4 of 4



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 21, 2012

Certified Document Number:       51435746 Total Pages:  4

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

Filed 12 February 1 A10:28
Chris Daniel - District Clerk
Harris County
ED101J016705733
By: Sharon Carlton

NO. _____

| | | |
|---|---|---|
| ALAN FOWLER AND SUSAN FOWLER, | § | IN THE DISTRICT COURT OF |
| INDIVIDUALLY AND AS NEXT FRIENDS | § | |
| OF THEIR SON, KEVIN FOWLER | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| PASADENA INDEPENDENT SCHOOL | § | |
| DISTRICT, KIRK LEWIS, DEENA HILL, | § | |
| SHILOH TREATMENT CENTER, INC. AND | § | |
| CLAY HILL | § | |
| | § | |
| Defendants | § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THIS COURT:

Alan and Susan Fowler, individually and as next friend of their son Kevin ("Plaintiffs"), file this Original Petition complaining of Pasadena Independent School District, Kirk Lewis, Deena Hill, Shiloh Treatment Center, Inc. and Clay Hill ("Defendants"), and respectfully show the following:

### I. DISCOVERY CONTROL PLAN – LEVEL 3

1.      Pursuant to Texas Rule of Civil Procedure 190.1, Plaintiffs intend to conduct discovery under Level 3 as set out in Texas Rule of Civil Procedure 190.4.

### II. PARTIES AND SERVICE

2.      Plaintiff Alan Fowler is an individual citizen and resident of Harris County, Texas.  Pursuant to Texas Civil Practice and Remedies Code § 30.014(a), the last three numbers of Mr. Fowler's driver's license are 339 and the last three numbers of his social security number are 855.

3.      Plaintiff Susan Fowler is an individual citizen and resident of Harris County, Texas.  Pursuant to Texas Civil Practice and Remedies Code § 30.014(a), the last three numbers of Mrs. Fowler's driver's license are 305 and the last three numbers of her social security number are 799.

4.      Defendant Pasadena Independent School District qualifies as a citizen and/or  a resident of Harris County, Texas, and can be served with process by serving Superintendent of Schools Kirk Lewis at 1515 Cherrybrook Lane, Pasadena, Texas 77502.

5.      Defendant Kirk Lewis is an individual citizen and resident of Harris County, Texas, who can be served with process at 6203 Sands Drive, Pasadena, Texas 77505-3862.

6.      Defendant Deena Hill is an individual citizen and resident of Harris County, Texas, who can be served with process at 4331 Willow Hill Drive, Seabrook, Texas 77586-4312.

7.      Defendant Shiloh Treatment Center, Inc. is a Texas corporation that can be served with process by serving its registered agent:  Everet E. Kennemer, III, 8 West Way Court, Lake Jackson, Texas 77566.

8.      Defendant Clay Hill is an individual citizen and resident of Fort Bend County, Texas, who can be served with process at 22 Linney Boulevard, Sugar Land, Texas 77479-2540.

### III.  JURISDICTION AND VENUE

9.      The damages sought by Plaintiffs are within the jurisdictional limits of this Court.

10.     This Court has personal jurisdiction over the parties, all of whom are Texas citizens and residents.

11.     Venue is proper in Harris County pursuant to Texas Civil Practice and Remedies Code §§ 15.002(a)(1), 15.002(a)(2) and 15.005 because all or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in Harris County and because one or more of

the individual defendants resided in Harris County at the time Plaintiffs' cause of action accrued.

## IV.  BRIEF FACTUAL BACKGROUND AND PLAINTIFFS' CAUSE OF ACTION

12.     Pursuant to Texas Rules of Civil Procedure 45 and 47, Plaintiffs provide the following short statement of their cause of action for negligence, in plain and concise language, sufficient to give fair notice of their claims against Defendants.

13.     Mr. and Mrs. Fowler are the parents of Kevin Fowler.   Kevin is autistic. Defendants have been involved in making certain decisions regarding Kevin and his education.

14.     Kevin sustained serious and permanent injuries in an occurrence on February 4, 2010.  Defendants' negligence proximately caused the damages that Kevin has sustained as a direct result of this occurrence.

15.     Plaintiffs have attempted to engage Defendants in meaningful settlement negotiations.  To date, these efforts have been unsuccessful.  After filing this petition, Plaintiffs intend to make one final attempt to settle this matter.  If that attempt is unsuccessful, then Plaintiffs will file an amended petition setting out in much greater detail the facts and circumstances surrounding Kevin's injuries and damages, as well as additional causes of action against Defendants.  Accordingly, pursuant to Texas Rules of Civil Procedure 62, 63, 64 and any other applicable rules, Plaintiffs reserve their right to amend this petition if they are unsuccessful in their efforts to settle the case.

16.     Pursuant to Texas Rule of Civil Procedure 216, Plaintiffs respectfully request a trial by jury.

## V.  PRAYER FOR RELIEF

17.     WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that, after a jury trial, this Court enter a judgment against Defendants, jointly and severally, awarding

Plaintiffs their actual damages, pre-judgment interest as allowed by law, post-judgment interest as allowed by law, and taxable court costs.  Plaintiffs also respectfully request any other relief to which they are or may be entitled.

Respectfully submitted,

THE LITTLE LAW FIRM, P.C.

_____/s/ Joseph R. Little_____

Joseph R. Little
State Bar No. 00784483
440 Louisiana Street, Suite 900
Houston, Texas 77002
(713) 222-1368 - Telephone
(281) 200-0115 - Facsimile
jrl@littlelawtexas.com

Attorney for Plaintiffs

Certified Document Number ☐ ☐☐☐☐☐☐☐ ☐ Page ☐ of ☐



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 21, 2012

Certified Document Number:        51218986 Total Pages:  4

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

# EXHIBIT C

**HCDistrictclerk.com**  FOWLER, ALAN (INDIVIDUALLY AND AS NEXT  9/12/2012
FRIEND OF H vs. PASADENA INDEPENDENT SCHOOL
DISTRICT
Cause: 201206394  CDI: 7  Court: 127

## SERVICE

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|------|--------|-----------|--------|-----------|--------|--------|----------|----------|----------|-----------|
| CITATION | SERVICE RETURN / EXECUTED | ORIGINAL PETITION | LEWIS, KIRK | 2/1/2012 | 2/2/2012 | 2/10/2012 | | 2/28/2012 | 72747487 | ATTORNEY PICK-UP |
| CITATION | SERVICE RETURN / EXECUTED | ORIGINAL PETITION | HILL, DEENA | 2/1/2012 | 2/2/2012 | 2/11/2012 | | 2/28/2012 | 72747488 | ATTORNEY PICK-UP |
| CITATION | SERVICE RETURN / EXECUTED | ORIGINAL PETITION | HILL, CLAY | 2/1/2012 | 2/2/2012 | 2/15/2012 | | 2/28/2012 | 72747490 | ATTORNEY PICK-UP |
| CITATION CORPORATE | SERVICE RETURN / EXECUTED | ORIGINAL PETITION | PASADENA INDEPENDENT SCHOOL DISTRICT BY SERVING SUPERINTENDENT OF SCHOOLS KIRK LEWIS | 2/1/2012 | 2/2/2012 | 2/10/2012 | | 2/28/2012 | 72747491 | ATTORNEY PICK-UP |
| CITATION CORPORATE | SERVICE RETURN / EXECUTED | ORIGINAL PETITION | SHILOH TREATMENT CENTER INC (TEXAS CORPORATION) BY SERVING ITS REGISTERED AGENT EVERET E KENNEMER III | 2/1/2012 | 2/2/2012 | 2/15/2012 | | 2/28/2012 | 72747492 | ATTORNEY PICK-UP |

P2

CAUSE NO. 201206394

RECEIPT NO. 402527                    ATY
                                      TR # 72747487

PLAINTIFF: FOWLER, ALAN (INDIVIDUALLY AND AS NEXT FRIEND OF H    In The 127th
    vs.                                                          Judicial District Court
DEFENDANT: PASADENA INDEPENDENT SCHOOL DISTRICT                  of Harris County, Texas
                                                                 127TH DISTRICT COURT
                                                                 Houston, TX

CITATION

THE STATE OF TEXAS
County of Harris

**FILED**
Chris Daniel
District Clerk

FEB 1 9 2012

TO: LEWIS, KIRK
    6203 SANDS DRIVE   PASADENA TX 775053862

Time: _____
        Harris County, Texas
By _____
        Deputy

Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION</u>

This instrument was filed on the <u>1st day of February, 2012</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED,  You may employ an attorney.  If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 2nd day of February, 2012, under my hand and
seal of said Court.

<u>Issued at request of:</u>                    CHRIS DANIEL, District Clerk
LITTLE, JOSEPH RAY                              Harris County, Texas
440 LOUISIANA ST SUITE 900                      201 Caroline      Houston, Texas 77002
HOUSTON, TX 77002                               (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 222-1368
<u>Bar No.</u>: 784483                          GENERATED BY: CUERO, NELSON    7MM/YSW/9212163

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at **840** o'clock **P** .M., on the **9** day of **FEBRUARY**, **2012**

Executed at (address) **1515 CHERRYBROOK LANE PASADENA TX 77502** in

**HARRIS** County at **1139** o'clock **A** .M., on the **10** day of **FEBRUARY**

**2012** by delivering to **KIRK LEWIS** defendant, in person, a
true copy of this Citation together with the accompanying **1** copy(ies) of the
                                                                *Plaintiffs Original* Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this **13th** day of **February**, **2012** .

Fee: $_____

                                            _____

                                            _____ of _____ County, Texas

_____
        Affiant                             By _____
                                                        Deputy

On this day, **ROBERTO MUNOZ JR**, known to me to be the person whose
signature appears on the foregoing return, personally appeared . After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this **13th** day of **February**, **2012** .

RODOLFO JAVIER VARGAS
Notary Public, State of Texas
My Commission Expires
December 31, 2015

N.INT.CITR.P

                                            Notary Public

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging

No. 201206394

FOWLER, ALAN

IN THE 127th JUDICIAL DISTRICT COURT

VS.

PASADENA INDEPENDENT SCHOOL DISTRICT

OF HARRIS COUNTY, TEXAS

## AFFIDAVIT

**STATE OF TEXAS**

**COUNTY OF HARRIS**

    **BEFORE ME,** the undersigned authority, personally appeared, ROBERTO MUNOZ JR., who by me duly sworn, deposed as follows:

    "I, Robert Munoz Jr. of 911 Redway Lane, Houston, Texas 77062, am an authorized private process server as authorized by the Texas Supreme Court under ID # SCH000008751. I am over the age of eighteen and I am competent to make this affidavit. I am not a party nor do I have an interest in the outcome of this suit. I was hired by attorney Joseph Ray Little to deliver a citation to Kirk Lewis. On 2-10-2012, I traveled to 1515 Cherrybrook Lane., Pasadena, Harris County, Texas where I met with Hope Perkins at 1139 am, I introduced myself as a process server and requested to speak with Kirk Lewis. Hope Perkins advised me that Mr Lewis was not in and she was authorized to receive the citation.

FURTHER THE AFFIANT SAYETH NOT.

Signed on this the 13th day of FEBRUARY, 2012.

Roberto Munoz Jr., Affiant

    **SWORN TO AND SUBSCRIBED** before me on this the 13th day of FEBRUARY, 2012, to certify which witness my hand.

NOTARY IN AND FOR THE STATE OF TEXAS

12 FEB 19 PH 7: 23   1



RODOLFO JAVIER VARGAS
Notary Public, State of Texas
My Commission Expires
December 31, 2015

Certified Document Number: 51474251 - Page 2 of 2



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 21, 2012

Certified Document Number:          51474251 Total Pages:  2

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

CAUSE NO. 201206394

RECEIPT NO. 431527           ATY
02-01-2012         TR # 72747488

---

PLAINTIFF: FOWLER, ALAN (INDIVIDUALLY AND AS NEXT FRIEND OF H | In The 127th
vs. | Judicial District Court
DEFENDANT: PASADENA INDEPENDENT SCHOOL DISTRICT | of Harris County, Texas
| 127TH DISTRICT COURT
| Houston, TX

---

CITATION

THE STATE OF TEXAS
County of Harris

**F I L E D**
Chris Daniel
District Clerk

FEB 1 9 2012

Time: _____
Harris County, Texas
By _____
Deputy

TO: HILL, DEENA
4331 WILLOW HILL DRIVE  SEABROOK TX 775864312

Attached is a copy of **PLAINTIFF'S ORIGINAL PETITION**

This instrument was filed on the <u>1st day of February, 2012</u>, in the above cited cause number and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:
This citation was issued on 2nd day of February, 2012, under my hand and seal of said Court.

<u>Issued at request of:</u>
LITTLE, JOSEPH RAY
440 LOUISIANA ST SUITE 900
HOUSTON, TX 77002
Tel: (713) 222-1368
Bar No.: 784483

CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline     Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

GENERATED BY: CUERO, NELSON    7MM/YSW/9212163

---

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _8̶4̶0̶_ o'clock _P_ .M., on the _9ᵗʰ_ day of _FEBRUARY_ , _2012_.

Executed at (address) _4331 WILLOW HILL DR SEABROOK, TEXAS 77586_ in

_GALVESTON_ County at _931_ o'clock _A_.M., on the _11_ day of _FEBRUARY_ _2012_ by delivering to _DEENA HILL_ defendant, in person, a true copy of this Citation together with the accompanying _1_ copy(ies) of the _Plaintiff's Original_ Petition attached thereto and I endorsed on said copy of the Citation the date of delivery. To certify which I affix my hand officially this _13ᵗʰ_ day of _February_ , _2012_ .

Fee: $_____

_____

_____ of _____ County, Texas

Affiant

By _____
Deputy

On this day, _Roberto Munoz_ , known to me to be the person whose signature appears on the foregoing return, personally appeared . After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _13ᵗʰ_ day of _February_ , _2012_ .

_____
Notary Public

RODOLFO JAVIER VARGAS
Notary Public, State of Texas
My Commission Expires
December 31, 2015

N.INT.CITR.P

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging

Certified Document Number: 474252 — Page 1 of 2

No. 201206394

FOWLER, ALAN

IN THE 127th JUDICIAL
DISTRICT COURT

VS.

PASADENA INDEPENDENT
SCHOOL DISTRICT

OF HARRIS COUNTY,
TEXAS

## <u>AFFIDAVIT</u>

**STATE OF TEXAS**

**COUNTY OF HARRIS**

    **BEFORE ME,** the undersigned authority, personally appeared, ROBERTO MUNOZ JR., who by me duly sworn, deposed as follows:

    "I, Robert Munoz Jr. of 911 Redway Lane, Houston, Texas 77062, am an authorized private process server as authorized by the Texas Supreme Court under ID # SCH000008751. I am over the age of eighteen and I am competent to make this affidavit. I am not a party nor do I have an interest in the outcome of this suit. I was hired by attorney Joseph Ray Little to deliver a citation to Deena Hill. On 2-11-2012, I traveled to 4331 Willow Hill Dr., Seabrook, Galveston County,Texas where I met with Deena Hill at 9:31am, I asked if she was Deena Hill ? where she replied yes, I have been waiting for this.

FURTHER THE AFFIANT SAYETH NOT.

Signed on this the 13th day of FEBRUARY, 2012.



Roberto Munoz Jr., Affiant

    **SWORN TO AND SUBSCRIBED** before me on this the 13th day of FEBRUARY, 2012, to certify which witness my hand.

NOTARY IN AND FOR THE STATE OF TEXAS

12 FEB 19 PM 7: 24

RODOLFO JAVIER VARGAS
Notary Public, State of Texas
My Commission Expires
December 31, 2015

Certified Document Number: 51474252 - Page 2 of 2



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 21, 2012

Certified Document Number:        51474252 Total Pages:  2

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

P2

CAUSE NO. 201206394

|  | RECEIPT NO. 431527 | 0.00 | ATY |
|---|---|---|---|
|  | 02-01-2012 |  | TR # 72747490 |

PLAINTIFF: FOWLER, ALAN (INDIVIDUALLY AND AS NEXT FRIEND OF H    |    In The 127th
vs.    |    Judicial District Court
DEFENDANT: PASADENA INDEPENDENT SCHOOL DISTRICT    |    of Harris County, Texas
127TH DISTRICT COURT
Houston, TX

CITATION

THE STATE OF TEXAS
County of Harris

**FILED**
Chris Daniel
District Clerk

FEB 19 2012

Time: _____
TO: HILL, CLAY                                            Harris County, Texas
    22 LINNEY BOULEVARD  SUGAR LAND TX 774792540    By _____
                                                        Deputy

12 FEB 19 PM 7: 24

Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION</u>

This instrument was filed on the <u>1st day of February, 2012</u>, in the above cited cause number and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED,  You may employ an attorney.  If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 2nd day of February, 2012, under my hand and seal of said Court.

<u>Issued at request of:</u>                CHRIS DANIEL, District Clerk
LITTLE, JOSEPH RAY                          Harris County, Texas
440 LOUISIANA ST SUITE 900                  201 Caroline      Houston, Texas 77002
HOUSTON, TX 77002                           (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 222-1368
<u>Bar No.</u>: 784483                        GENERATED BY: CUERO, NELSON   7MM/YSW/9212163

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at 2:00 o'clock P .M., on the 8th day of February , 2012 .

Executed at (address) 301 S.17th West Columbia, Texas 77486 in

Brazoria County at 1:24 o'clock P .M., on the 15th day of February ,

2012 , by delivering to Wes Griggs defendant, in person, a true copy of this Citation together with the accompanying 1 copy(ies) of the Plaintiff's Original Petition attached thereto and I endorsed on said copy of the Citation the date of delivery. To certify which I affix my hand officially this 16th day of February , 2012 .

Fee: $ _____

_____

_____ of _____ County, Texas

R.J. Vargas — SM #1264
Affiant

R.J. Vargas

By _____
                    Deputy

On this day, R.J. Vargas , known to me to be the person whose signature appears on the foregoing return, personally appeared . After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this 16th day of February , 2012 .

_____
Notary Public

JUAN S. YBARRA
NOTARY PUBLIC
STATE OF TEXAS
EXPIRES
4-25-2015

N.INT.CITR.P
RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

Certified Document Number: 51670953 - Page 1 of 2

No. 201206394

ALAN FOWLER                                IN THE 127th DISTRICT COURT

VS.

PASADENA INDEPENDENT  SCHOOL          OF HARRIS COUNTY, TEXAS
DISTRICT

## AFFIDAVIT

**STATE OF TEXAS**

**COUNTY OF HARRIS**

      **BEFORE ME,** the undersigned authority, personally appeared, **R.J. VARGAS,** who by me duly sworn, deposed as follows:

      "I, R.J. Vargas, 3700 N. Main, Houston, Texas 77009, am an authorized private process server as authorized by the Texas Supreme Court under ID # SCH000001264. I am over the age of eighteen and I am competent to make this affidavit. I am not a party nor do I have an interest in the outcome of this suit. I was hired by attorney Joseph Little to deliver a citation to Clay Hill and the Shiloh Treatment Center Inc. On 2/15/2012, I traveled to 301 S. 17th Street, in West Columbia, Texas where I met with attorney Wes Griggs who accepted process of service on behalf of the Shiloh Treatment Center Inc. and Clay Hill. I handed Mr. Griggs a Citation Corporate for the Shiloh Treatment Center Inc. and a citation for Clay Hill."

      FURTHER THE AFFIANT SAYETH NOT.

Signed on this the 16th day of FEBRUARY, 2012.

                                         R.J. Vargas, Affiant

      **SWORN TO AND SUBSCRIBED** before me on this the 16th day of FEBRUARY, 2012, to certify which witness my hand.

                                   NOTARY IN AND FOR THE STATE OF TEXAS

                                   12 FEB 19  PM 7: 24

                                     1

Certified Document Number: 51474253 - Page 2 of 2

JUAN S. YBARBO
NOTARY PUBLIC
STATE OF TEXAS
EXPIRES
4-25-2015



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 21, 2012

Certified Document Number:        51474253 Total Pages:  2

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

RECEIPT NUMBER ___431527___  
TRACKING NUMBER ___72747491___ ATY

CAUSE NUMBER ___201206394___

**PLAINTIFF:** FOWLER, ALAN (INDIVIDUALLY AND AS NEXT FRIEND OF H | **In The** 127th
**vs.** | Judicial District Court of
**DEFENDANT:** PASADENA INDEPENDENT SCHOOL DISTRICT | Harris County, Texas

**CITATION CORPORATE**

THE STATE OF TEXAS
County of Harris

# FILED
Chris Daniel
District Clerk

FEB 19 2012

Harris County, Texas

By _____
Deputy

TO: PASADENA INDEPENDENT SCHOOL DISTRICT BY SERVING SUPERINTENDENT OF
SCHOOLS KIRK LEWIS

1515 CHERRYBROOK LANE  PASADENA TX 77502

Attached is a copy of ___PLAINTIFF'S ORIGINAL PETITION___.

This instrument was filed on the ___1st___ day of ___February___, 20 __12__, in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED**; you may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

**TO OFFICER SERVING:**

**This Citation was issued under my hand** and seal of said Court, at Houston, Texas, this ___2nd___ day of ___February___, 20 __12__.

_Chris Daniel_
**CHRIS DANIEL, District Clerk**
Harris County, Texas
201 Caroline, Houston, Texas 77002
P.O. Box 4651, Houston, Texas 77210

Issued at request of:
LITTLE, JOSEPH RAY
440 LOUISIANA ST SUITE 900
HOUSTON, TX 77002
Tel: (713) 222-1368
Bar Number: 784483

**Generated by:** CUERO, NELSON  7MM/YSW/9212163

---

**OFFICER/AUTHORIZED PERSON RETURN**

I received this citation on the ___9th___ day of ___FEBRUARY___, 20 _12_, at ___840___ o'clock _P_.M., endorsed the date of delivery thereon, and executed it at ___1515 CHERRYBROOK LANE___, ___PASADENA___ (street address) (city)

in ___HARRIS___ County, Texas on the ___10th___ day of ___FEBRUARY___, 20 _12_, at ___1139___ o'clock _A_. M., by delivering to ___PASADENA INDEPENDENT SCHOOL DISTRICT___, by delivering to its (the defendant corporation named in citation)

___REGISTERED AGENT___, in person, whose name is ___HOPE PERKINS___, (registered agent, president, or vice-president)

a true copy of this citation, with a copy of the ___Plaintiffs Original___ Petition attached, (description of petition, e.g., "Plaintiffs Original")

and with accompanying copies of _____ (additional documents, if any, delivered with the petition)

I certify that the facts stated in this return are true by my signature below on the _13th_ day of _february_, 20 _12_.

FEE: $ _____ By: _____
(signature of officer)

Printed Name: _____

As Deputy for: _____
(printed name & title of sheriff or constable)

_[signature]_
**Affiant Other Than Officer**

On this day, ___ROBERTO MUNOZ JR___, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _13th_ day of _february_, 20 _12_.

_[signature]_
Notary Public

RODOLFO JAVIER VARGAS
Notary Public, State of Texas
My Commission Expires
December 31, 2015

N.INT.CITC.P

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging.

Certified Document Number: 51474254 - Page 1 of 2

No. 201206394

FOWLER, ALAN

IN THE 127th JUDICIAL
DISTRICT COURT

VS.

PASADENA INDEPENDENT
SCHOOL DISTRICT

OF HARRIS COUNTY,
TEXAS

## AFFIDAVIT

**STATE OF TEXAS**

**COUNTY OF HARRIS**

**BEFORE ME,** the undersigned authority, personally appeared, ROBERTO MUNOZ JR., who by me duly sworn, deposed as follows:

"I, Robert Munoz Jr. of 911 Redway Lane, Houston, Texas 77062, am an authorized private process server as authorized by the Texas Supreme Court under ID # SCH000008751. I am over the age of eighteen and I am competent to make this affidavit. I am not a party nor do I have an interest in the outcome of this suit. I was hired by attorney Joseph Ray Little to deliver a Citation Corporate to Kirk Lewis. On 2-10-2012, I traveled to 1515 Cherrybrook Lane., Pasadena, Harris County, Texas where I met with Hope Perkins at 1139 am, I introduced myself as a process server and requested to speak with Kirk Lewis. Hope Perkins advised me that Mr Lewis was not in and she was authorized to receive the Citation Corporate.

FURTHER THE AFFIANT SAYETH NOT.
Signed on this the 13th day of FEBRUARY, 2012.

Roberto Munoz Jr., Affiant

**SWORN TO AND SUBSCRIBED** before me on this the 13th day of FEBRUARY, 2012, to certify which witness my hand.

NOTARY IN AND FOR THE STATE OF TEXAS

12 FEB 19 PM 7: 23


RODOLFO JAVIER VARGAS
Notary Public, State of Texas
My Commission Expires
December 31, 2015

Certified Document Number: 51474254 - Page 2 of 2



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 21, 2012

Certified Document Number:      51474254 Total Pages:  2

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

RECEIPT NUMBER   431527          0.00
TRACKING NUMBER   72747492        ATY

**CAUSE NUMBER**   201206394

| | |
|---|---|
| **PLAINTIFF:** FOWLER, ALAN (INDIVIDUALLY AND AS NEXT FRIEND OF H **vs.** **DEFENDANT:** PASADENA INDEPENDENT SCHOOL DISTRICT | **In The** 127th **Judicial District Court of** **Harris County, Texas** |

### CITATION CORPORATE

**THE STATE OF TEXAS**
**County of Harris**

TO: SHILOH TREATMENT CENTER INC (TEXAS CORPORATION) BY SERVING ITS
    REGISTERED AGENT EVERET E KENNEMER III

8 WEST WAY COURT  LAKE JACKSON TX 77566

**F I L E D**
Chris Daniel
District Clerk
FEB 19 2012
Time: _____
Harris County, Texas
By _____ Deputy

Attached is a copy of    PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the ___1st___ day of ___February___, 20_12_, in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED;** you may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

**TO OFFICER SERVING:**

**This Citation was issued under my hand** and seal of said Court, at Houston, Texas, this ___2nd___ day of _____February_____, 20_12_.

Issued at request of:
LITTLE, JOSEPH RAY
440 LOUISIANA ST SUITE 900
HOUSTON, TX 77002
Tel: (713) 222-1368
Bar Number:   784483

*Chris Daniel*
**CHRIS DANIEL, District Clerk**
Harris County, Texas
**201 Caroline, Houston, Texas 77002**
**P.O. Box 4651, Houston, Texas 77210**

**Generated by:** CUERO, NELSON   7MM/YSW/9212163

### OFFICER/AUTHORIZED PERSON RETURN

I received this citation on the ___8th___ day of ___February___, 20_12_, at _2:00_ o'clock _P_.M., endorsed the date of delivery thereon, and executed it at _301 S. 17th West Columbia_, _West Columbia_, (street address)                          (city)

in _Brazoria_ County, Texas on the ___15th___ day of ___February___, 20_12_, at _1:24_ o'clock _P_. M., by delivering to _Shiloh Treatment Center Inc._, by delivering to its

_Attorney_, in person, whose name is _Wes Griggs_, (registered agent, president, or vice-president)

a true copy of this citation, with a copy of the ___Plaintiff's Original___ Petition attached, (description of petition/ e.g., "Plaintiffs Original")

and with accompanying copies of _____. (additional documents, if any, delivered with the petition)

I certify that the facts stated in this return are true by my signature below on the ___16th___ day of ___February___, 20_12_.

FEE: $ _____        By: _R.J. Vargas SCH 1264_
                           (signature of officer)

                     Printed Name: _Ruth J. Vargas_

_R.J. Vargas SCH 1264_        As Deputy for: _____
Affiant Other than Officer                    (printed name & title of sheriff or constable)

On this day, _R.J. Vargas_, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this ___16th___ day of _February_, 20_12_

                                          _Juan Ybarbo_
                                          Notary Public

N.INT.CITC.P

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging

No. 201206394

| | |
|---|---|
| ALAN FOWLER | IN THE 127th DISTRICT COURT |
| VS. | |
| PASADENA INDEPENDENT  SCHOOL DISTRICT | OF HARRIS COUNTY, TEXAS |

### AFFIDAVIT

**STATE OF TEXAS**

**COUNTY OF HARRIS**

  **BEFORE ME,** the undersigned authority, personally appeared, **R.J. VARGAS,** who by me duly sworn, deposed as follows:

  "I, R.J. Vargas, 3700 N. Main, Houston, Texas 77009, am an authorized private process server as authorized by the Texas Supreme Court under ID # SCH000001264. I am over the age of eighteen and I am competent to make this affidavit. I am not a party nor do I have an interest in the outcome of this suit. I was hired by attorney Joseph Little to deliver a citation to Clay Hill and the Shiloh Treatment Center Inc. On 2/15/2012, I traveled to 301 S. 17[th] Street, in West Columbia, Texas where I met with attorney Wes Griggs who accepted process of service on behalf of the Shiloh Treatment Center Inc. and Clay Hill. I handed Mr. Griggs a Citation Corporate for the Shiloh Treatment Center Inc. and a citation for Clay Hill."

    FURTHER THE AFFIANT SAYETH NOT.

  Signed on this the 16th day of FEBRUARY, 2012.

                     _____
                       R.J. Vargas, Affiant

  **SWORN TO AND SUBSCRIBED** before me on this the 16th day of FEBRUARY, 2012, to certify which witness my hand.



           _____
          NOTARY IN AND FOR THE STATE OF TEXAS

1

Certified Document Number: 5474255 - Page 2 of 2



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 21, 2012

Certified Document Number:        51474255 Total Pages:  2

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**



# CHRIS DANIEL
## HARRIS COUNTY DISTRICT CLERK

## *CIVIL PROCESS PICK-UP FORM*

**CAUSE NUMBER:** 2012 06394

ATY ✓   CIV____   COURT 127

| REQUESTING ATTORNEY/FIRM NOTIFICATION | |
|---|---|
| Attorney: Joseph Ray Little | Phone: 713 222 1368 |
| Civil Process Server/Filer: | Phone: |
| Attorney/Firm Notified Service Ready: Attorney | Date: *February 2, 2012* |
| Contacted By: *Nelson Cuero*  Deputy District Clerk | |
| 30th day after date of Issuance 03-03-2012 | |

| Type of Service Document: | | Tracking number: | |
|---|---|---|---|
| Type of Service Document: | CIT | Tracking number: | 72747487 |
| Type of Service Document: | CIT | Tracking number: | 72747488 |
| Type of Service Document: | CIT | Tracking number: | 72747490 |
| Type of Service Document: | CIT | Tracking number: | 72747491 |
| Type of Service Document: | CIT | Tracking number: | 72747492 |
| Type of Service Document: | | Tracking number: | |
| Type of Service Document: | | Tracking number: | |
| Type of Service Document: | | Tracking number: | |
| Type of Service Document: | | Tracking number: | |
| Type of Service Document: | | Tracking number: | |
| Type of Service Document: | | Tracking number: | |
| Type of Service Document: | | Tracking number: | |

The above process papers were prepared by: *Nelson Cuero*
**Deputy District Clerk**

On this the ___2nd___ day of ____February____ 2012,

Process papers released to: _____

Process papers released by: _____

On this the _6_ day of _February_ , 2012 at _11:55_ AM/PM

CONFIRMED FILE DATE: 2/2/2012

Certified Document Number: 5316636 - Page 1 of 1

# EXHIBIT D

Case No.  201206394

**DCORX**

FOWLER, ALAN (INDIVIDUALLY AND     *     IN THE DISTRICT COURT OF

VS.     *     HARRIS COUNTY, TEXAS

PASADENA INDEPENDENT SCHOOL DI     *     127th    JUDICIAL DISTRICT

## DOCKET CONTROL ORDER

The following docket control order shall apply to this case unless modified by the court. If no date is given below, the item is governed by the Texas Rules of Civil Procedure.

1. **08/22/12**   **JOINDER.**  All parties must be added and served, whether by amendment or third party practice, by this date.  THE PARTY CAUSING THE JOINDER SHALL PROVIDE A COPY OF THIS DOCKET CONTROL ORDER AT THE TIME OF SERVICE.

2.   **EXPERT WITNESS DESIGNATION.**  Expert witness designations are required and must be served by the following dates.    The designation must include the information listed in Rule 194.2(f).    Failure to timely respond will be governed by Rule 193.6.
(a) **10/22/12**   Experts for parties seeking affirmative relief.
(b) **11/19/12**   All other experts.

3.   **STATUS CONFERENCE.**  Parties shall be prepared to discuss all aspects of the case, including ADR, with the court on this date.    TIME:
Failure to appear will be grounds for dismissal for want of prosecution.

4.   **DISCOVERY LIMITATIONS.** The discovery limitations of Rule 190.2, if applicable, or otherwise of Rule 190.3 apply unless changed below:
(a)   Total hours per side for oral depositions.
(b)   Number of interrogatories that may be served by each party on any other party.

5.   **ALTERNATIVE DISPUTE RESOLUTION.**
(a) **12/19/12**   By this date the parties must either (1) file an agreement for ADR stating the form of ADR requested and the name of an agreed mediator, if applicable; or (2) set an objection to ADR.  If no agreement or objection is filed, the court may sign an ADR order.
(b)   ADR conducted pursuant to the agreement of the parties must be completed by this date.

6. **01/14/13**   **DISCOVERY PERIOD ENDS.**   All discovery must be conducted before the end of the discovery period. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period that the deadline for responding will be within the discovery period. Counsel may conduct discovery beyond this deadline by agreement.  Incomplete discovery will not delay the trial.

7.   **DISPOSITIVE MOTIONS AND PLEAS.**  Must be heard by oral hearing or submission.
(a)   If subject to an interlocutory appeal, dispositive motions or pleas must be heard by this date.
(b) **01/14/13**   Summary judgment motions not subject to an interlocutory appeal must be heard by this date.
(c)   Rule 166a(i) motions may not be heard before this date.

8.   **CHALLENGES TO EXPERT TESTIMONY.**  All motions to exclude expert testimony and evidentiary challenges to expert testimony must be filed by this date, unless extended by leave of court.

9. **01/07/13**   **PLEADINGS.**  All amendments and supplements must be filed by this date.    This order does not preclude prompt filing of pleadings directly responsive to any timely filed pleadings.

10. **02/04/13**   **PRE-TRIAL CONFERENCE DATE**
Parties shall be prepared to discuss all aspects of trial with the court on this date.
TIME: **09:00 AM**    Failure to appear will be grounds for dismissal for want of prosecution.

11. **02/18/13**   **TRIAL.** If not assigned by the second Friday following this date, the case will be reset.

SIGNED

JOSEPH RAY LITTLE                 R. K. SANDILL
440 LOUISIANA ST SUITE 900     784483        Judge, 127TH DISTRICT COURT
HOUSTON, TX  77002                    Date Generated   04/10/2012

JCVO02
rev.11202006

CONFIRMED FILE DATE: 4/10/2012

Certified Document Number: 51972518 - Page 1 of 3

Case No. 201206394

**DCORX**

FOWLER, ALAN (INDIVIDUALLY AND

vs.

PASADENA INDEPENDENT SCHOOL DI

\*
\*
\*
\*
\*

IN THE DISTRICT COURT OF

HARRIS COUNTY, TEXAS

127th    JUDICIAL DISTRICT

## DOCKET CONTROL ORDER

The following docket control order shall apply to this case unless modified by the court. If no date is given below, the item is governed by the Texas Rules of Civil Procedure.

1. **08/22/12**    **JOINDER.** All parties must be added and served, whether by amendment or third party practice, by this date. THE PARTY CAUSING THE JOINDER SHALL PROVIDE A COPY OF THIS DOCKET CONTROL ORDER AT THE TIME OF SERVICE.

2.    **EXPERT WITNESS DESIGNATION.** Expert witness designations are required and must be served by the following dates. The designation must include the information listed in Rule 194.2(f). Failure to timely respond will be governed by Rule 193.6.
(a) **10/22/12**    Experts for parties seeking affirmative relief.
(b) **11/19/12**    All other experts.

3.    **STATUS CONFERENCE.** Parties shall be prepared to discuss all aspects of the case, including ADR, with the court on this date. TIME:
Failure to appear will be grounds for dismissal for want of prosecution.

4.    **DISCOVERY LIMITATIONS.** The discovery limitations of Rule 190.2, if applicable, or otherwise of Rule 190.3 apply unless changed below:
(a)    Total hours per side for oral depositions.
(b)    Number of interrogatories that may be served by each party on any other party.

5.    **ALTERNATIVE DISPUTE RESOLUTION.**
(a) **12/19/12**    By this date the parties must either (1) file an agreement for ADR stating the form of ADR requested and the name of an agreed mediator, if applicable; or (2) set an objection to ADR. If no agreement or objection is filed, the court may sign an ADR order.
(b)    ADR conducted pursuant to the agreement of the parties must be completed by this date.

6. **01/14/13**    **DISCOVERY PERIOD ENDS.** All discovery must be conducted before the end of the discovery period. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period that the deadline for responding will be within the discovery period. Counsel may conduct discovery beyond this deadline by agreement. Incomplete discovery will not delay the trial.

7.    **DISPOSITIVE MOTIONS AND PLEAS.** Must be heard by oral hearing or submission.
(a)    If subject to an interlocutory appeal, dispositive motions or pleas must be heard by this date.
(b) **01/14/13**    Summary judgment motions not subject to an interlocutory appeal must be heard by this date.
(c)    Rule 166a(i) motions may not be heard before this date.

8.    **CHALLENGES TO EXPERT TESTIMONY.** All motions to exclude expert testimony and evidentiary challenges to expert testimony must be filed by this date, unless extended by leave of court.

9. **01/07/13**    **PLEADINGS.** All amendments and supplements must be filed by this date. This order does not preclude prompt filing of pleadings directly responsive to any timely filed pleadings.

10. **02/04/13**    **PRE-TRIAL CONFERENCE DATE**
Parties shall be prepared to discuss all aspects of trial with the court on this date. TIME: **09:00 AM**    Failure to appear will be grounds for dismissal for want of prosecution.

11. **02/18/13**    **TRIAL.** If not assigned by the second Friday following this date, the case will be reset.

SIGNED

HALL WESLEY JR. GRIGGS
301 S 17TH PO BOX 517
W COLUMBIA, TX 77486

8489100

R. K. SANDILL
Judge, 127TH DISTRICT COURT
Date Generated    04/10/2012

JCVO02
rev.11202006

Case No. 201206394

**DCORX**

| | | |
|---|---|---|
| FOWLER, ALAN (INDIVIDUALLY AND | * | IN THE DISTRICT COURT OF |
| | * | |
| vs. | * | HARRIS COUNTY, TEXAS |
| | * | |
| PASADENA INDEPENDENT SCHOOL DI | * | 127th   JUDICIAL DISTRICT |

## DOCKET CONTROL ORDER

The following docket control order shall apply to this case unless modified by the court. If no date is given below, the item is governed by the Texas Rules of Civil Procedure.

1. **08/22/12**   **JOINDER.**  All parties must be added and served, whether by amendment or third party practice, by this date.  THE PARTY CAUSING THE JOINDER SHALL PROVIDE A COPY OF THIS DOCKET CONTROL ORDER AT THE TIME OF SERVICE.

2. **EXPERT WITNESS DESIGNATION.**  Expert witness designations are required and must be served by the following dates.   The designation must include the information listed in Rule 194.2(f).    Failure to timely respond will be governed by Rule 193.6.
   (a) **10/22/12**   Experts for parties seeking affirmative relief.
   (b) **11/19/12**   All other experts.

3. **STATUS CONFERENCE.**   Parties shall be prepared to discuss all aspects of the case, including ADR, with the court on this date.    TIME:
   Failure to appear will be grounds for dismissal for want of prosecution.

4. **DISCOVERY LIMITATIONS.**  The discovery limitations of Rule 190.2, if applicable, or otherwise of Rule 190.3 apply unless changed below:
   (a)      Total hours per side for oral depositions.
   (b)      Number of interrogatories that may be served by each party on any other party.

5. **ALTERNATIVE DISPUTE RESOLUTION.**
   (a) **12/19/12**   By this date the parties must either (1) file an agreement for ADR stating the form of ADR requested and the name of an agreed mediator, if applicable; or (2) set an objection to ADR.  If no agreement or objection is filed, the court may sign an ADR order.
   (b)      ADR conducted pursuant to the agreement of the parties must be completed by this date.

6. **01/14/13**   **DISCOVERY PERIOD ENDS.**    All discovery must be conducted before the end of the discovery period. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period that the deadline for responding will be within the discovery period. Counsel may conduct discovery beyond this deadline by agreement.  Incomplete discovery will not delay the trial.

7. **DISPOSITIVE MOTIONS AND PLEAS.**  Must be heard by oral hearing or submission.
   (a)      If subject to an interlocutory appeal, dispositive motions or pleas must be heard by this date.
   (b) **01/14/13**   Summary judgment motions not subject to an interlocutory appeal must be heard by this date.
   (c)      Rule 166a(i) motions may not be heard before this date.

8. **CHALLENGES TO EXPERT TESTIMONY.**   All motions to exclude expert testimony and evidentiary challenges to expert testimony must be filed by this date, unless extended by leave of court.

9. **01/07/13**   **PLEADINGS.**   All amendments and supplements must be filed by this date.    This order does not preclude prompt filing of pleadings directly responsive to any timely filed pleadings.

10. **02/04/13**   **PRE-TRIAL CONFERENCE DATE**
    Parties shall be prepared to discuss all aspects of trial with the court on this date.
    TIME: **09:00 AM**    Failure to appear will be grounds for dismissal for want of prosecution.

11. **02/18/13**   **TRIAL.** If not assigned by the second Friday following this date, the case will be reset.

SIGNED

JON ERIK NICHOLS
5718 WESTHEIMER 1200                788119                R. K. SANDILL
HOUSTON, TX  770570000                                    Judge, 127TH DISTRICT COURT
                                                          Date Generated    04/10/2012

Certified Document Number: 51972518 - Page 2 of 3

JCVO02
rev.11202006



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 21, 2012

Certified Document Number:        51972518 Total Pages:  3

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

# EXHIBIT E

**HCDistrictclerk.com**   FOWLER, ALAN (INDIVIDUALLY AND AS NEXT   8/23/2012
FRIEND OF H vs. PASADENA INDEPENDENT
SCHOOL DISTRICT
Cause: 201206394   CDI: 7   Court: 127

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| 53110975 | Plaintiffs Sixth Amended Petition | | 08/20/2012 | 9 |
| | Plaintiffs Sixth Amended Petition | | 08/20/2012 | |
| 53110988 | Pasadena Independent School District's Supplemental Appendix to It's Plea to the Jurisdiction | | 08/20/2012 | 7 |
| 53079429 | Plaintiffs Fifth Amended Petition | | 08/16/2012 | 7 |
| | Plaintiffs Fifth Amended Petition | | 08/16/2012 | |
| | Plaintiffs Fifth Amended Petition | | 08/16/2012 | |
| | Plaintiffs' Fifth Amended Petition | | 08/16/2012 | |
| 53079432 | Plaintiffs Response to PISDs Motion to Sever claims against PISD and enter final judgment | | 08/16/2012 | 2 |
| -> 53079434 | Proposed Order | | 08/16/2012 | 1 |
| 53079458 | Plaintiffs response to defendant Pasadena Independent School Districts plea to the jurisdiction | | 08/16/2012 | 15 |
| -> 53079459 | Exhibit A | | 08/16/2012 | 3 |
| -> 53079461 | Proposed Order | | 08/16/2012 | 1 |
| 53090720 | Pasadena Independent School District's Objections to Affidavit of A.F. | | 08/16/2012 | 4 |
| 53090721 | Proposed Order | | 08/16/2012 | 3 |
| 52835038 | Defendant Pasadena Independent School Districts First Amended Answer and Affirmative Defenses | | 07/20/2012 | 4 |
| 52835040 | Pasadena Independent School District's Plea to the Jurisdiction | | 07/20/2012 | 18 |
| -> 52841613 | Exhibit A | | 07/20/2012 | 7 |
| -> 52841614 | Exhibit B | | 07/20/2012 | 9 |
| -> 52841615 | Exhibit C | | 07/20/2012 | 11 |
| -> 52841616 | Exhibit D | | 07/20/2012 | 4 |
| -> 52841617 | Exhibit E | | 07/20/2012 | 4 |
| -> 52835049 | Notice of Oral Hearing | | 07/20/2012 | 3 |
| -> 52835042 | Proposed Order | | 07/20/2012 | 1 |
| 52835043 | Defendant Pasadena Independent School District's Motion to Sever Claims Against PISD and Enter Final Judgment | | 07/20/2012 | 4 |
| -> 52835044 | Proposed Order | | 07/20/2012 | 2 |
| 51994258 | Plaintiffs Response to Defendant Pasadena Independent School District Special Exceptions to plaintiffs third amended petition | | 04/21/2012 | 2 |
| -> 51994259 | Exhibit A | | 04/21/2012 | 6 |
| 51994260 | Proposed Order | | 04/21/2012 | 1 |
| 51994262 | Plaintiffs Fourth Amended Petition | | 04/21/2012 | 6 |
| | Plaintiffs Fourth Amended Petition | | 04/21/2012 | |
| | Plaintiffs Fourth Amended Petition | | 04/21/2012 | |
| 51917117 | Defendent Pasadena ISDs Special Exceptions to Plaintiffs Third Amended Petition | | 04/13/2012 | 5 |
| -> 51917118 | Exhibit A | | 04/13/2012 | 6 |

| | | | |
|---|---|---|---|
| -> 51919008 | Notice of Submission | 04/13/2012 | 2 |
| -> 51917119 | Proposed Order | 04/13/2012 | 2 |
| 51972518 | Docket Control Order | 04/10/2012 | 3 |
| 51868896 | Plaintiffs Third Amended Petition | 04/09/2012 | 5 |
| | Plaintiffs Third Amended Petition | 04/09/2012 | |
| | Plaintiffs Third Amended Petition | 04/09/2012 | |
| 51842413 | Plaintiffs First Amended Petition | 04/05/2012 | 5 |
| | Plaintiffs First Amended Petition | 04/05/2012 | |
| | Plaintiffs First Amended Petition | 04/05/2012 | |
| 51854697 | Plaintiffs Second Amended Petition | 04/05/2012 | 5 |
| | Plaintiffs Second Amended Petition | 04/05/2012 | |
| | Plaintiffs Second Amended Petition | 04/05/2012 | |
| 51824947 | Plaintiffs Response to Defendants Motion to Dismiss | 04/04/2012 | 3 |
| -> 51824949 | Proposed Order | 04/04/2012 | 1 |
| 51825406 | Plaintiffs First Amended Petition | 04/04/2012 | 5 |
| | Plaintiffs First Amended Petition | 04/04/2012 | |
| | Plaintiffs First Amended Petition | 04/04/2012 | |
| | Plaintiffs' First Amended Petition | 04/04/2012 | |
| 51825407 | Plaintiffs Response to Defendants Motion to Sever | 04/04/2012 | 2 |
| -> 51825408 | Proposed Order | 04/04/2012 | 1 |
| 51578828 | Amended Notice of Oral Hearing | 03/08/2012 | 3 |
| 51549386 | Defendants Pasadena ISD, Dr. Kirk Lewis and Dr. Deena Hill's Motion to Sever Claims Against Dr. Kirk Lewis and Dr. Deena Hill and Enter Final Judgment | 03/06/2012 | 4 |
| -> 51549387 | Proposed Order | 03/06/2012 | 2 |
| 51516708 | Defendants Original Answer | 03/02/2012 | 2 |
| -> 51516709 | Exhibit A | 03/02/2012 | 2 |
| 51449148 | Amended Notice of Oral Hearing | 02/24/2012 | 2 |
| 51435746 | Defendants Pasadena Independent School District, Dr. Kirk Lewis, and Dr. Deena Hill's Original Answer and Affirmative Defenses | 02/23/2012 | 4 |
| | Defendants Pasadena Independent School District, Dr. Kirk Lewis, and Dr. Deena Hill's Original Answer and Affirmative Defenses | 02/23/2012 | |
| | Defendants Pasadena Independent School District, Dr. Kirk Lewis, and Dr. Deena Hill's Original Answer and Affirmative Defenses | 02/23/2012 | |
| 51435751 | Defendant Pasadena Independent School District's Motion to Dismiss Dr. Kirk Lewis and Dr. Deena Hill Pursuant to Section 101.106 of the Texas Civil Practice and Remedies Code | 02/23/2012 | 4 |
| -> 51435752 | Proposed Order | 02/23/2012 | 1 |
| 51435761 | Notice of Oral Hearing | 02/23/2012 | 2 |
| 51474251 | Citation | 02/19/2012 | 2 |
| 51474252 | Citation | 02/19/2012 | 2 |
| 51474253 | Citation | 02/19/2012 | 2 |
| 51474254 | Citation Corporate | 02/19/2012 | 2 |
| 51474255 | Citation Corporate | 02/19/2012 | 2 |
| 51316636 | Civil Bureau Process Pick-Up Form | 02/02/2012 | 1 |
| 51218986 | Plaintiffs Original Petition | 02/01/2012 | 4 |

# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| A.F. AND S.F., INDIVIDUALY AND | § | |
| AS NEXT FRIENDS OF THEIR SON, K.F., | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | C.A. No. 4:12-CV-02755 |
| | § | |
| PASADENA INDEPENDENT | § | |
| SCHOOL DISTRICT, | § | |
| SHILOH TREATMENT CENTER, INC., | § | |
| AND CLAY HILL | § | |
| | § | |
| *Defendants*. | § | |

## COUNSEL OF RECORD

**COUNSEL FOR PLAINTIFFS**
JOSEPH R. LITTLE
State Bar No. 00784483
The Little Law Firm, P.C.
440 Louisiana Street, Suite 900
Houston, Texas  77002
Telephone:   713-222-1368
Facsimile:     281-200-0115
jrl@littlelawtexas.com

**COUNSEL FOR DEFENDANT
PASADENA INDEPENDENT
SCHOOL DISTRICT**
J. ERIK NICHOLS
State Bar No. 00788119
Fed I.D. No. 13066
ENichols@rmgllp.com
JONATHAN G. BRUSH
State Bar No. 24045576
Fed. I.D. No. 619970
JBrush@rmgllp.com
STEPHANIE E. MAHER
State Bar No. 24074637
Fed I.D. No. 1276996
SMaher@rmgllp.com
Rogers, Morris & Grover, L.L.P.
5718 Westheimer Road, Suite 1200
Houston, Texas  77057
Telephone:  713-960-6000
Facsimile:    713-960-6025

1

**COUNSEL FOR DEFENDANTS**
**SHILOH TREATMENT CENTER,**
**INC. AND CLAY HILL**
JOHN C. CARSEY
State Bar No. 03898800
Federal I.D. No. 28459
Minton, Burton, Bassett & Collins, P.C.
1100 Guadalupe Street
Austin, Texas 78701
Telephone:   512-476-4873
Facsimile:   512-479-8315
Email:       jcarsey@mbfc.com

WES GRIGGS
State Bar No. 08489100
301 South 17th Street
P.O. Box 517
West Columbia, Texas 77486
Telephone:   979-345-5188
Facsimile:   979-345-4246
wesgriggs@warpspeed1.net