IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| A.F. AND S.F., INDIVIDUALLY AND AS NEXT FRIENDS OF THEIR SON, K.F., | § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | C.A. No. 4:12-CV-02755 |
| PASADENA INDEPENDENT SCHOOL DISTRICT, SHILOH TREATMENT CENTER, INC., AND CLAY HILL | § § § § § § | |
| *Defendants.* | § | |

## PASADENA INDEPENDENT SCHOOL DISTRICT'S MOTION TO DISMISS

Pasadena Independent School District (PISD or the District) files its Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## Introduction & Summary of the Argument

Plaintiffs initially filed suit in state court against PISD alleging claims of negligence under the Texas Tort Claims Act (TTCA or the Act). *See* Original Petition attached as Exhibit B to PISD's Notice of Removal (Dkt. No. 2). On August 20, 2012, Plaintiffs asserted violations of the Fourteenth Amendment brought under 42 U.S.C. section 1983, seeking to impose municipal liability upon PISD. *See* Sixth Amended Petition, PISD's Notice of Removal (Dkt. No. 2) Exhibit B, and attached here as Appendix. PISD removed the case. *See* Appx. at ¶10, 20; Notice of Removal (Dkt. No.

2). Plaintiffs have not amended their pleadings since the case was removed and the pleading amendment deadline passed on March 8, 2013. Scheduling Order (Dkt. No. 9).

As argued below, Plaintiffs claims should be dismissed because:

- Plaintiffs' section 1983 claims fail because Plaintiffs fail to plead the essential elements of a municipal liability claim, and Plaintiffs further fail to plead any factual allegations that would support the essential elements of their municipal liability claims.

- Plaintiffs A.F. and S.F. lack standing to assert claims in their individual capacity because they may not recover for alleged injuries to K.F., and they have asserted no factual allegations to support their individual claims.

- Plaintiffs have failed to plead the essential elements of cause and harm on their negligence claims that are required to trigger waiver of PISD's governmental immunity.

- Plaintiffs claim for relief under the Declaratory Judgment Act is barred by governmental immunity.

### **Facts as Plead**

When reviewing a motion to dismiss, a court must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The following constitute the relevant facts pled by Plaintiffs:

- "Mr. and Mrs. [F.] are the parents of [K.F.]. [K.F.] is autistic." Appx. at ¶ 11.

- "On February 4, 2010, a Pasadena Independent School District employee injured [K.F.] on a school bus," and K.F. has suffered physical and emotional injuries as a result. Appx. at ¶ 12.

- "As one example, PISD's negligence arises out of the use and/or operation of a specially-designed harness that restricted [K.F.]'s mobility and deprived [K.F.] of the ability to defend himself." Appx. at ¶ 12.

2

- "This harness cannot be used in a classroom, or on the playground, or anywhere else other than as part of a motor-driven vehicle." Appx. at ¶12.

- "If PISD had not negligently restrained [K.F.] by strapping him into the harness then there is no doubt that he could have—and would have—protected himself and prevent the injuries inflicted on him." Appx. at ¶12.

- "[W]hen he was riding the school bus, [K.F.] wore not only a seat belt but also oversize gloves similar to boxing gloves that prevented him from being able to unlatch the seat belt." Appx. at ¶15

- "One PISD employee, Julie Reed, testified that the function of the restraining harness is merely to prevent students from standing and moving around a school bus." Appx. at ¶15.

- "However, because [K.F.] wore a seat belt and oversize gloves that made it impossible for him to unlatch the seat belt, he could not stand up or move around the bus even if PISD had not used the restraining harness." Appx. at ¶15.

- "Pasadena Independent School District is a governmental unit." Appx. at ¶18.

## **Standard of Review**

"Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)) (internal quotation marks omitted).

The Supreme Court in *Iqbal* explained that *Twombly* promulgated a "two-pronged approach" to determine whether a complaint states a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1950. First, the court must identify those pleadings that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. Legal

3

conclusions "must be supported by factual allegations." *Id.* Upon identifying the well-pleaded factual allegations, the court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction and may be resolved based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001). The party asserting jurisdiction, the plaintiff here, bears the burden of proof on a Rule 12(b)(1) motion. *Id.* In contrast, a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is appropriate when the complaint "fails to state a legally cognizable claim," and requires that the plaintiff's claims be dismissed if "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.*

## Arguments & Authorities

**A.** *Plaintiffs fail to plead the essential elements of section 1983 municipal liability.*

To assert a viable section 1983 claim against a governmental entity, a plaintiff must plead and prove the three essential elements of a municipal liability claim: "(1) an official policy (2) promulgated by the municipal policy maker (3) that was the moving

4

force behind the violation of a constitutional right." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 467 (5th Cir. 2010); *Monell v. Department of Social Services,* 436 U.S. 658, 694 (1978). Further, a plaintiff must show that a facially innocuous policy was promulgated by the policy maker with deliberate indifference "to the known and obvious consequences that constitutional violations would result." *Piotrowski*, 237 F.3d at 578. "Deliberate indifference of this sort is a stringent test, and a showing of simple or even heightened negligence will not suffice." *Id*.

The *Monell* elements exist to distinguish individual violations perpetrated by local government employees from those that can be fairly identified as actions of the government itself. *See Bolton v. City of* Dallas, 541 F.3d 545, 548 (5th Cir. 2008). "[T]he unconstitutional conduct must be directly attributable to the [entity] through some sort of official action or imprimatur; isolated unconstitutional actions by . . . employees will almost never trigger liability." *Piotrowski*, 237 F.3d at 578 (citations omitted). Political subdivisions will not be held liable under a theory of *respondeat superior* and courts have refused to allow section 1983 to collapse into a font of vicarious liability. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *Piotrowski*, 237 F.3d at 578; *Eugene v. Alief Indep. Sch. Dist.*, 65 F.3d 1299, 1304 (5th Cir. 1995). Rather, section 1983 affords relief only when a policymaker's actions have deprived an individual of his constitutional rights due to an official policy or custom of the governmental entity. *Monell*, 436 U.S. at 694.

Plaintiffs do not plead any of the requisite elements of a section 1983 claim against PISD. Plaintiffs assert a list of vague allegations regarding PISD's "failing and

5

refusing to implement or comply with its own policies and procedures." Appx. at ¶17. However, they have not identified a single policy that was the moving force behind K.F.'s alleged injuries—only the alleged failure to follow District policies. Appx. at ¶17. Plaintiffs also fail to identify a policy maker of any kind or any factual matters that would support a finding of deliberate indifference by a policy maker. *See* Appx. at ¶ 16-16, 20.

Finally, Plaintiffs couch all of their policy and procedure arguments in terms of PISD's *negligence* despite the Fifth Circuit's clear holding that negligence "will not suffice to state a Section 1983 claim." *Piotrowski*, 237 F.3d at 578. Because Plaintiffs do not plead any facts to support a section 1983 claim against PISD, they have failed to plead a claim for which relief can be granted and their section 1983 claims should be dismissed. *See, e.g., Floyd v. City of Kenner*, 351 F. App'x 890, 900 (5th Cir. 2009) (affirming 12(b)(6) dismissal of constitutional claims against city where plaintiff failed to allege facts that would support inference of municipal liability).

### B. *All A.F. and S.F.'s claims must be dismissed because they cannot recover individually for K.F.'s alleged injuries.*

K.F.'s parents, A.F. and S.F., assert negligence and constitutional claims in both their individual and representative capacities. However, A.F. and S.F. do not allege any facts regarding their individual rights or claimed injuries that are independent of K.F.'s injuries. As a result, A.F.'s and S.F.'s individual capacity claims must be dismissed.

A plaintiff must personally allege an injury-in-fact in order to recover for an alleged constitutional violation under section 1983. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *Coon v. Ledbetter,* 780 F.2d 1158, 1160 (5th Cir. 1986)

6

(requiring plaintiff who claims deprivation of constitutional right to prove violation of her personal rights). Thus, when parents fail to allege a deprivation of their *own* constitutional rights, they cannot establish standing necessary to assert a claim under section 1983. *See K.G.S. v. Kemp*, No. 4:11-CV-303-A, 2011 U.S. Dist. LEXIS 114876, at *10 n.3 (N.D. Tex. Oct. 5, 2011) (holding parents lacked standing to assert section 1983 claims for violations of child's constitutional rights); *see Polk v. City of Corsicana*, No. 3:05-CV-0861-G, 2006 U.S. Dist. LEXIS 2719, at *19 (N.D. Tex. Jan. 24, 2006), ("[A]lthough parents certainly feel the injury to a tremendous extent when their child suffers injury, a parent has no civil right to pursue an action pursuant to § 1983 for injuries to their child.") (citations and quotations omitted); *Burrow v. Postville Cmty. Sch. Dist.*, 929 F. Supp. 1193, 1208 (N.D. Iowa 1996) (emphasis added); *see also Morgan v. City of New York*, 166 F. Supp. 2d 817, 819 (S.D.N.Y. 2001). Here, A.F. and S.F. have not, and cannot, allege deprivations of their own constitutional rights. Appx. at ¶ 20.

Similarly, A.F. and S.F. have not asserted any factual allegations that allow them to recover individually for K.F.'s alleged injuries under their negligence theories. *See Roberts v. Williamson*, 111 S.W.3d 113, 120 (Tex. 2003) (holding parents cannot recover for loss of consortium for non-fatal injury to their child); *United Servs. Auto. Ass'n v. Keith*, 970 S.W.2d 540, 541-42 (1998) (outlining elements of bystander claim, including requirement that bystander plaintiff be located near scene at time of injury). While A.F. and S.F. may continue to serve K.F.'s interests in a representative capacity, they have no compensable individual injuries and their individual claims must be dismissed.

## C. Plaintiffs have failed to plead factual matter that supports each element of their negligence claims.

Plaintiffs carry the burden to plead sufficient facts "to state a claim to relief that is plausible on its face." *Gonzalez*, 577 F.3d at 603. Because PISD is a governmental entity, Plaintiffs must properly plead a waiver of the District's governmental immunity to state a plausible claim for relief on a negligence claim. *See Tex. Dep't of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 226-27 (Tex. 2004); *see also See City of Waco v. Kirwan*, 298 S.W.3d 618, 628, 629 n.3 (Tex. 2009).[1] Otherwise, Plaintiffs claims must be dismissed as outside the Court's subject-matter jurisdiction. *See Miranda*, 133 S.W.3d at 226-27. Against a school district, Plaintiffs must allege they sustained an injury arising from the "operation or use of a motor-driven vehicle" such that the employee could be held personally liable. Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021, 101.051 (West 2011).

Merely quoting the TTCA's motor-driven vehicle waiver provision—a provision designed to waive immunity in car wreck cases involving government vehicles—is not a substitute for facts demonstrating a waiver of immunity. *See* Appx. at ¶ 13; Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (West 2011); *Kelley v. Papanos*, No. H-11-0626, 2012 U.S. Dist. LEXIS 8071, at *15-17 (S.D. Tex. Jan. 24, 2012). This is especially true because the Texas Legislature expressly excluded intentional torts committed by governmental employees from the TTCA's waiver provisions. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.057(2) (West 2011); *see Kelley*, 2012 U.S. Dist. LEXIS 8071, at

---

[1] The Fifth Circuit defers to state court interpretations of the TTCA. *Bustos*, 599 F.3d at 467.

*15-17 (granting motion to dismiss TTCA claims because conclusory statements that officer acted negligently not sufficient to overcome intentional tort exception). In short, even if Plaintiffs alleged sufficient facts to demonstrate the use or operation of a motor vehicle, and they have not, PISD would still be immune from their negligence claims under the intentional tort exception. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.057(2); *see also LeLeaux v. Hampshire-Fannett Indep. Sch. Dist.*, 835 S.W.2d 49, 51 (Tex. 1992).

Here, Plaintiffs state "On February 4, 2010, a Pasadena Independent School District employee injured [K.F.] on a school bus," and that K.F. has suffered injuries as a result. *See* Appx. at ¶ 12. Plaintiffs further assert the conclusory allegations that a harness designed for use on a school bus "actually caused [K.F.'s] injury" and that the harness "restricted [K.F.'s] mobility and deprived [K.F.] of the ability to defend himself." *See* Appx. at ¶ 12, 14. Plaintiffs' allegations do not describe the nature of the incident or the alleged injuries, how it constitutes the use or operation of the bus, or any information concerning the PISD employee or his conduct. Plaintiffs pleadings also contain no facts regarding how the harness—even if its primary use is on a school bus—constituted a use or operation of the bus, how the harness restricted K.F.'s mobility, why restricting K.F.'s mobility caused him injury, why K.F. would need to defend himself, and from who or what. Plaintiffs' conclusory pleading fails to assert the essential elements of a waiver of PISD's governmental immunity or causation on their negligence claims.

Plaintiffs further assert allegations regarding PISD's alleged negligent use or non-use of video surveillance equipment, PISD's procedures for transporting students, and the

9

District's procedures, policies, and training of its employees regarding "sexual or other abuse of students" and "physical injuries suffered by students." *See* Appx. at ¶ 15-17. None of these vague allegations affirmatively demonstrates why this Court should extend the TTCA's limited motor-driven vehicle waiver to Plaintiffs' negligence claims other than the fact that K.F. was on a school bus at the time of the injury. *See Montoya v. Houston Indep. Sch. Dist.*, 177 S.W.3d 332, 337 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (holding immunity not waived under TTCA for alleged failure to supervise special education student wearing safety harness on school bus).

### D. *Plaintiffs have no independent claim for relief under the Declaratory Judgment Act.*

Plaintiffs also attempt to bring a declaratory judgment action pursuant to Texas Civil Practice and Remedies Code Section 37.004 requesting that the Court determine the "rights, status, and/or legal relations" between the Plaintiffs and Defendants under the Texas Tort Claims Act. *See* Appx. at ¶ 22-24. Plaintiffs' declaratory judgment claim is barred by PISD's governmental immunity as a matter of law and should be dismissed. *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 371 (Tex. 2009) ("It is well settled that private parties cannot circumvent the State's sovereign immunity from suit by characterizing a suit for money damages as a declaratory-judgment claim." (citations and internal quotations omitted);[2] *City of Houston v. Williams*, 216 S.W.3d 827, 828-29 (Tex. 2009) (same). As such, Plaintiffs' declaratory judgment action should be dismissed with prejudice as outside the Court's subject-matter jurisdiction.

---

[2] "Governmental immunity operates like sovereign immunity to afford similar protection to subdivisions of the State, including counties, cities, and *school districts*." *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004) (emphasis added).

10

## Prayer

PISD prays that the Court grant its motion and dismiss all claims against it. Alternatively, PISD prays that the Court order Plaintiffs to replead in compliance with federal pleading requirements.

Respectfully submitted,

ROGERS, MORRIS & GROVER, L.L.P.

_/s/ Jonathan G. Brush_____
J. ERIK NICHOLS
State Bar No. 00788119
Fed I.D. No. 13066
Email: ENichols@rmgllp.com
JONATHAN G. BRUSH
State Bar No. 24045576
Fed. I.D. No. 619970
Email: JBrush@rmgllp.com
STEPHANIE E. MAHER
State Bar No. 24074637
Fed I.D. No. 1276996
Email: SMaher@rmgllp.com
Rogers, Morris & Grover, L.L.P.
5718 Westheimer Road, Suite 1200
Houston, Texas 77057
Telephone: 713-960-6000
Facsimile: 713-960-6025

ATTORNEYS FOR DEFENDANT
PASADENA INDEPENDENT SCHOOL
DISTRICT

**CERTIFICATE OF SERVICE**

I hereby certify that on the March 12, 2013, I (i) electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing and (ii) served on all counsel for the parties *via* United States certified mail, return receipt requested, addressed as follows:

Joseph R. Little
440 Louisiana Street, Suite 900
Houston, Texas 77002
*(Via Certified Mail, RRR)*

Wes Griggs
301 South 17th Street
P.O. Box 517
West Columbia, Texas 77486
*(Via Certified Mail, RRR)*

John C. Carsey
1100 Guadalupe Street
Austin, Texas 78701
*(Via Certified Mail, RRR)*

/s/ Jonathan G. Bush
_____
Attorney for Defendant Pasadena
Independent School District

I further certify that on the March 12, 2013, a courtesy copy of the foregoing document was sent to:

Honorable Gray Miller
515 Rusk Avenue, Room 9010C
Houston, Texas 77002-2605
*(Via Hand Delivery)*

/s/ Jonathan G. Bush
_____
Attorney for Defendant Pasadena
Independent School District