# APPENDIX

Filed 12 August 20 P12:35
Chris Daniel - District Clerk
Harris County
ED101J017033672
By: adiliani a. solis

NO. 2012-06394

| | | |
|---|---|---|
| ALAN FOWLER AND SUSAN FOWLER, INDIVIDUALLY AND AS NEXT FRIENDS OF THEIR SON, KEVIN FOWLER | § § § § | IN THE DISTRICT COURT OF |
| Plaintiffs | § § | |
| VS. | § § | HARRIS COUNTY, TEXAS |
| PASADENA INDEPENDENT SCHOOL DISTRICT, SHILOH TREATMENT CENTER, INC. AND CLAY HILL | § § § § § | |
| Defendants | § | 127th JUDICIAL DISTRICT |

## PLAINTIFFS' SIXTH AMENDED PETITION

TO THE HONORABLE JUDGE OF THIS COURT:

Alan and Susan Fowler, individually and as next friends of their son Kevin ("Plaintiffs"), file this Sixth Amended Petition complaining of Pasadena Independent School District, Shiloh Treatment Center, Inc. and Clay Hill ("Defendants"), and respectfully show the following:

### I. DISCOVERY CONTROL PLAN – LEVEL 3

1. Pursuant to Texas Rule of Civil Procedure 190.1, Plaintiffs intend to conduct discovery under Level 3 as set out in Texas Rule of Civil Procedure 190.4.

### II. PARTIES AND SERVICE

2. Plaintiff Alan Fowler is an individual citizen and resident of Harris County, Texas. Pursuant to Texas Civil Practice and Remedies Code § 30.014(a), the last three numbers of Mr. Fowler's driver's license are 339 and the last three numbers of his social security number are 855.

3. Plaintiff Susan Fowler is an individual citizen and resident of Harris County, Texas. Pursuant to Texas Civil Practice and Remedies Code § 30.014(a), the last three numbers of Mrs. Fowler's driver's license are 305 and the last three numbers of her social security number are 799.

4. Defendant Pasadena Independent School District has been served with process and has filed an answer.

5. Defendant Shiloh Treatment Center, Inc. has been served with process and has filed an answer.

6. Defendant Clay Hill has been served with process and has filed an answer.

### III. JURISDICTION AND VENUE

7. The damages sought by Plaintiffs are within the jurisdictional limits of this Court.

8. This Court has personal jurisdiction over the parties, all of whom are Texas citizens and residents.

9. Venue is proper in Harris County pursuant to Texas Civil Practice and Remedies Code §§ 15.002(a)(1), 15.002(a)(2), 101.102 and 15.005 because all or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in Harris County, because all or part of Plaintiffs' cause of action arises in Harris County and/or because an individual defendant resided in Harris County at the time Plaintiffs' cause of action accrued.

### IV. BRIEF FACTUAL BACKGROUND AND PLAINTIFFS' CAUSE OF ACTION

10. Pursuant to Texas Rules of Civil Procedure 45 and 47, Plaintiffs provide the following short statement of their causes of action for negligence and violations of 42 U.S.C.

1983, in plain and concise language, sufficient to give fair notice of their claims against Defendants.

11. Mr. and Mrs. Fowler are the parents of Kevin Fowler. Kevin is autistic.

12. On February 4, 2010, a Pasadena Independent School District employee injured Kevin on a school bus. Kevin has suffered physical injuries and mental/emotional injuries, and likely will continue to suffer from these injuries in the future, probably for the rest of his life. Kevin's injuries were proximately caused by the negligence of Pasadena Independent School District and/or its employees (collectively referred to as "PISD") as described in this petition. As one example, PISD's negligence arises out of the use and/or operation of a specially-designed harness that restricted Kevin's mobility and deprived Kevin of the ability to defend himself. This harness cannot be used in a classroom, or on the playground, or anywhere else other than as part of a motor driven vehicle. If PISD had not negligently restrained Kevin by strapping him into the harness, then there is no doubt that he could have -- and would have -- protected himself and prevented the injuries inflicted on him.

13. Texas Civil Practice and Remedies Code §101.021 provides that even a "governmental unit" like PISD is liable for personal injury "proximately caused by the wrongful act or omission or the negligence of an employee" if the personal injury "arises from the operation or use of a motor-driven vehicle" and "the employee would be personally liable to the claimant according to Texas law." Plaintiffs' negligence claims as described in this petition fall within PISD's waiver of its sovereign and/or governmental immunity.

14. This is not a case about injuries that could have occurred anywhere, but just happened to occur on a school bus. The school bus did more than merely furnish the condition that made Kevin's injuries possible. Kevin's injuries were proximately caused by PISD's wrongful act and/or wrongful omission and/or negligence in using and/or operating a motor driven vehicle. Again as merely one example, PISD's negligent use and/or operation of the restraining harness that was specially designed for use only in motor driven vehicles actually caused Kevin's injury.

15. In addition and/or in the alternative to other acts of negligence, PISD was negligent in the following specific ways: (1) failing to use safe and appropriate procedures during the process of transporting Kevin to and from school, which includes (a) using only necessary, reasonable and/or appropriate restraint -- if any -- of school children and (b) reasonably and appropriately using and/or monitoring a video camera that PISD installed on the school bus and (2) unnecessarily, unreasonably and/or inappropriately using the restraining harness even though, when he was riding the school bus, Kevin wore not only a seat belt but also oversize gloves similar to boxing gloves that prevented him from being able to unlatch the seat belt. One PISD employee, Julie Reed, has testified that the function of the restraining harness is merely to prevent students from standing and moving around a school bus. However, because Kevin wore a seat belt and oversize gloves that made it impossible for him to unlatch the seat belt, he could not stand up or move around the bus even if PISD had not used the restraining harness. PISD also unreasonably and/or inappropriately used and/or failed to use the video camera that it installed on the school bus.

16. Also in addition and/or in the alternative to other acts of negligence, PISD was negligent in the following additional specific ways: (1) failing to use safe and appropriate procedures during the use and operation of the school bus -- including the restraining harness; (2) issuing instructions to use the restraining harness when it was unnecessary, unreasonable and/or inappropriate to do so; (3) failing to keep a proper lookout for Kevin's safety; (4) failing to use and/or to operate the school bus -- including the restraining harness -- in a safe and/or reasonable manner and (5) failing adequately to warn Mr. and/or Mrs. Fowler of the potential risks and dangers associated with the restraining harness.

17. Also in addition and/or in the alternative to other acts of negligence, PISD was negligent in failing and refusing to implement and to comply with its own policies and procedures with respect to (1) the use or non-use of the restraining harness used on Kevin and/or other similar restraints and/or harnesses, (2) preventing, reporting and investigating sexual or other abuse of students, (3) training employees regarding preventing, reporting and investigating sexual or other abuse of students, (4) preventing, reporting, documenting and investigating physical injuries suffered by students, especially students with disabilities, (5) training employees regarding preventing, reporting, documenting and investigating physical injuries suffered by students, especially students with disabilities, (6) the use or non-use of the video camera that PISD installed in the school bus in which Kevin was being transported at the time of his injury, and the reviewing and/or monitoring of videos taken of Kevin while on the bus, (7) training employees regarding the use or non-use of the video camera that PISD installed in the school bus in which Kevin was being transported at the time of his injury, and the reviewing and/or

monitoring of videos taken of Kevin while on the bus, (8) the conduct of school district employees who were allowed to ride the school bus with Kevin and the proper supervision of such conduct and (9) training employees regarding the conduct of school district employees who were allowed to ride the school bus with Kevin and the proper supervision of such conduct.

18.   Pasadena Independent School District is a governmental unit. Kevin's injuries arose from PISD's operation or use of a motor driven vehicle, and were proximately caused by PISD's negligence and/or wrongful acts or omissions. The negligent conduct of school district employees occurred within the course and scope of their employment and these school district employees could be liable to Plaintiffs according to Texas law. A government motor vehicle was used or operated, and there is a nexus between Kevin's injuries and the operation or use of the motor vehicle by a government employee.

19.   Pursuant to Texas Civil Practice and Remedies Code §101.101, PISD had actual notice of Kevin's injuries either on the day that they happened or the day after they happened.

20.   In addition and/or in the alternative to Plaintiffs' negligence claims, the acts and/or omissions of PISD (including but not limited to those previously described in this petition) also violate 42 USC 1983. PISD's acts and/or omissions have violated Kevin's Constitutional rights, for example, his Constitutional right to bodily safety and integrity and his Constitutional right to personal safety and security. PISD's officially executed policies, procedures and/or customs were the moving force behind the violations of Kevin's

-- and his parents' -- Constitutional rights. PISD was deliberately indifferent to the Constitutional rights of both Kevin and of his parents.

21. Defendants Shiloh and Clay Hill have been involved in decisions regarding Kevin's education. They have conspired with PISD, including but not limited to Deena Hill (Clay Hill's niece) illegally and/or improperly to obtain and to disburse government funds. Plaintiffs may pursue additional claims against these defendants in this lawsuit or in a separate lawsuit to be filed in the future.

## V. REQUEST FOR DECLARATORY RELIEF

22. Plaintiffs assert a declaratory judgment action pursuant to the Texas Uniform Declaratory Judgments Act (Chapter 37 of the Texas Civil Practice and Remedies Code).

23. Texas Civil Practice and Remedies Code § 37.004 states that "A person ... whose rights, status, or other legal relations are affected by a statute ... may have determined any question of construction or validity arising under the ... statute ... and obtain a declaration of rights, status, or other legal relations thereunder." § 37.003 also confers "general powers" on this Court "to declare rights, status, and other legal relations whether or not further relief is or could be claimed," and provides that "[t]he declaration may be either affirmative or negative in form and effect, and the declaration has the force and effect of a final judgment or decree."

24. Plaintiffs therefore respectfully request that this Court enter a declaratory judgment or decree determining the rights, status, and/or or other legal relations of Plaintiffs and PISD pursuant to the Texas Tort Claims Act.

## VI. CONCLUSION AND PRAYER

25. Pursuant to Texas Rules of Civil Procedure 62, 63, 64 and any other applicable rules, Plaintiffs reserve their right to amend this petition.

26. Pursuant to Texas Rule of Civil Procedure 216, Plaintiffs respectfully request a trial by jury.

27. WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that, after a jury trial, this Court enter a judgment against Defendants, jointly and severally, awarding Plaintiffs their actual damages, costs and reasonable and necessary attorneys' fees as provided in Texas Civil Practice and Remedies Code § 37.009 and in 42 U.S.C. 1988(b), pre-judgment interest as allowed by law, post-judgment interest as allowed by law, and taxable court costs. Plaintiffs also respectfully request any other relief to which they are or may be entitled.

Respectfully submitted,

THE LITTLE LAW FIRM, P.C.

/s/ Joseph R. Little
Joseph R. Little
State Bar No. 00784483
440 Louisiana Street, Suite 900
Houston, Texas 77002
(713) 222-1368 - Telephone
(281) 200-0115 - Facsimile
jrl@littlelawtexas.com

Attorney for Plaintiffs

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above document has been served upon all parties in accordance with the Texas Rules of Civil Procedure on this the 20th day of August, 2012.

/s/ Joseph R. Little
Joseph R. Little



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   August 23, 2012

Certified Document Number:        53110975 Total Pages: 9

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**