IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| A.F. AND S.F., INDIVIDUALLY AND<br>AS NEXT FRIENDS OF THEIR SON, K.F.<br><br>*Plaintiffs*<br><br>v.<br><br>PASADENA INDEPENDENT SCHOOL<br>DISTRICT, CLAY HILL AND<br>SHILOH TREATMENT CENTER, INC.<br><br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 4:12-CV-02755 |

## PLAINTIFFS' AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF THIS COURT:

Alan and Susan Fowler, individually and as next friends of their son Kevin ("Plaintiffs"), file this Amended Complaint complaining of Pasadena Independent School District, Shiloh Treatment Center, Inc. and Clay Hill, and respectfully show the following:

### I. THE PARTIES

1.  Plaintiff Alan Fowler is an individual citizen and resident of Harris County, Texas.

2.  Plaintiff Susan Fowler is an individual citizen and resident of Harris County, Texas.

3.  Defendant Shiloh Treatment Center, Inc. ("Shiloh") has been served with process and has already made an appearance in this case.

4.  Defendant Clay Hill ("Hill") has been served with process and has already made an appearance in this case.

5.   Pasadena Independent School District ("PISD") has settled Plaintiffs' claims. However, this settlement may require court approval. While it may therefore be premature to remove PISD from the style of this case, with respect to their complaints against PISD, Plaintiffs' incorporate by reference all of the allegations in their most recent state court petition. As used in this complaint, the term "Defendants" refers collectively to Shiloh and to Hill, but not to PISD.

## II.  JURISDICTION AND VENUE

6.   The damages sought by Plaintiffs are within the jurisdictional limits of this Court.

7.   This Court has personal jurisdiction over the parties, all of whom are Texas citizens and residents.

8.   Venue is proper in Harris County, Texas pursuant to Texas Civil Practice and Remedies Code §§ 15.002(a)(1), 15.002(a)(2), 101.102 and 15.005 because all or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in Harris County, because all or part of Plaintiffs' cause of action arises in Harris County and/or because an individual defendant resided in Harris County at the time Plaintiffs' cause of action accrued. Because venue is proper in Harris County, Texas, venue is also proper in the Southern District of Texas, Houston Division.

## III.  BRIEF FACTUAL BACKGROUND

9.   Discovery in this case remains incomplete. Plaintiffs and PISD engaged in extensive written discovery. The information exchanged between these parties during discovery allowed Plaintiffs (1) to negotiate a settlement of their disputes with PISD and (2) to define and to refine their disputes with remaining defendants Hill and Shiloh. Plaintiffs' recent settlement with PISD will (or at least should) allow discovery with the remaining defendants to progress quickly and efficiently. Plaintiffs reserve their right to seek leave of court to file an amended

complaint based on the information obtained during discovery as it relates to Hill and to Shiloh.

10. Hill owns and/or operates a facility called Shiloh Treatment Center. Shiloh Treatment Center is allegedly qualified to educate special needs children like Mr. and Mrs. Fowlers' son, Kevin, who suffers from autism. Kevin was physically injured while he was attending Shiloh Treatment Center.

11. Until 2011, Hill had also owned and/or operated a somewhat similar facility called Daystar Residential, Inc. ("Daystar"). The Texas Department of Family and Protective Services ("TDFPS") shut Daystar down, and revoked Daystar's licenses, after the latest in a series of deaths at Shiloh Treatment Center and Daystar was ruled a homicide. Because of a long history and a repeated pattern of deaths, physical injuries and incidents of sexual and physical abuse of children, the Commissioner of the TDFPS found that Daystar was "just not safe for children."

12. Despite the long history and repeated pattern of deaths, physical injuries and incidents of sexual and physical abuse of children, Shiloh Treatment Center (at least for now) remains in operation. However, Hill doesn't just own and operate Shiloh Treatment Center under a single, legitimate corporate entity. On the contrary, Hill has created a conglomeration of literally dozens of sham corporations and other business entities that supposedly provide goods and/or services to Shiloh and/or to children who attend Shiloh Treatment Center. The true purpose of this web of sham entities is both transparent and dishonest: it allows Hill fraudulently to manipulate the amount of money that he charges the government for the "care" of special needs children and thereby to pocket literally millions of dollars of unearned profit at the expense of Texas taxpayers. Hill has become a multi-millionaire by improperly -- and, in fact, illegally -- taking taxpayer money.

## IV.  COUNT ONE:  NEGLIGENCE

13. Defendants' negligence proximately caused Kevin's physical injuries. Defendants, and their agents, representatives and employees, placed Kevin, or allowed Kevin to be placed, in a restraining harness that directly caused and resulted in Kevin's physical injuries.

14. Defendants were negligent in numerous ways, specifically including but not limited to the following:  (1) failing to use safe and appropriate procedures during the process of transporting Kevin to and from Shiloh Treatment Center, (2) unnecessarily, unreasonably and/or inappropriately using the restraining harness, (3) issuing instructions or giving permission to use the restraining harness when it was unnecessary, unreasonable and/or inappropriate to do so, and (4) failing adequately to warn Mr. and/or Mrs. Fowler of the potential risks and dangers associated with the restraining harness.

15. Defendants were also negligent in failing and refusing to implement, and/or to comply with, their own policies and procedures with respect to (1) the use or non-use of the restraining harness used on Kevin and/or other similar restraints and/or harnesses, (2) preventing, reporting and investigating sexual or other abuse of children, (3) training employees regarding preventing, reporting and investigating sexual or other abuse of children, (4) preventing, reporting, documenting and investigating physical injuries suffered by children, especially those with disabilities, (5) training employees regarding preventing, reporting, documenting and investigating physical injuries suffered by children, especially those with disabilities, (6) the conduct of employees who were allowed to ride the school bus with Kevin and the proper supervision of such conduct and (7) training employees regarding the conduct of employees who were allowed to ride the school bus with Kevin and the proper supervision of such conduct.

16. Defendants negligently misrepresented numerous matters to Plaintiffs. Kevin was sent to be educated at Shiloh Treatment Center by a PISD employee named Deena Hill. Defendants negligently misrepresented the relationship between PISD's Deena Hill and Defendant Clay Hill, who -- unbeknownst to Plaintiffs until much later -- are related to each other as uncle and niece. In addition, Defendants negligently misrepresented both the nature and the quality of goods and educational services that would be and/or were provided to Kevin while he attended Shiloh Treatment Center.

17. Finally, Defendants violated applicable state and federal statutes regarding Kevin's placement at Shiloh Treatment Center, the nature and quality of the goods and services that were provided to Kevin while he attended Shiloh Treatment Center, and proper billing procedures and the receipt of taxpayer money for these goods and services. These statutory violations constitute negligence per se.

### V.  COUNT TWO:  BREACH OF CONTRACT

18. Defendants' acts and omissions constitute breaches of various oral and written contracts regarding the goods and services that were provided, or that were supposed to be provided, to Kevin while he attended Shiloh Treatment Center, and regarding proper billing procedures and the receipt of taxpayer money for these goods and services. Some of these contracts are between Defendants and Plaintiffs. Other contracts are between Defendants and various private and governmental entities who, for example, place children at Shiloh Treatment Center and/or pay for goods and/or services provided to children who attend Shiloh Treatment Center. Still other contracts are between and/or among Hill and/or Shiloh and one or more of the many sham corporations and entities that allegedly provide goods and/or services to children who attend Shiloh Treatment Center.

19. Obviously, Plaintiffs are entitled to enforce their contracts with Defendants. In addition, Plaintiffs are entitled to enforce contracts between Defendants and others because Plaintiffs are third party beneficiaries of these contracts, all of which are specifically intended to protect and/or otherwise to benefit children who attended Shiloh Treatment Center and their parents and guardians.

## VI. COUNT THREE: FRAUD

20. Defendants' acts and omissions constitute fraud. Defendants' misrepresentations regarding both the nature and the quality of goods and educational services that would be and/or were provided to Kevin while he attended Shiloh Treatment Center were not only negligent, but also rise to the level of fraud. Defendants' misrepresentations regarding the nepotism between Hill and his niece also constitute fraud.

## VII. COUNT FOUR: 42 U.S.C. 1983

21. Defendants' acts and omissions violate 42 U.S.C. 1983. Defendants' acts and/or omissions have violated Kevin's Constitutional rights, for example, his Constitutional right to bodily safety and integrity and his Constitutional right to personal safety and security. Defendants' officially executed policies, procedures and/or customs were the moving force behind the violations of Kevin's -- and his parents' -- Constitutional rights. Defendants were deliberately indifferent to the Constitutional rights of both Kevin and of his parents. Defendants have engaged in patterns and practices that have directly resulted in repeated deaths, injuries and sexual and physical abuse of children, culminating in the physical injuries suffered by Kevin.

## VIII. COUNT FIVE: DTPA

22. Defendants' acts and omissions violate the Texas Deceptive Trade Practices Act. Defendants' negligent and/or fraudulent misrepresentations, as well as Defendants' creation, use

and operation of the conglomeration of sham corporations and other business entities that supposedly provide goods and/or services to Shiloh and/or to children who attend Shiloh Treatment Center violate the following provisions of the Texas Business and Commerce Code: §§ 17.46(a), 17.46(b)(1), 17.46(b)(2), 17.46(b)(3), 17.46(b)(4), 17.46(b)(5), 17.46(b)(7), 17.46(b)(9), 17.46(b)(12), 17.46(b)(24), 17.50(a)(1), 17.50(a)(2) and 17.50(a)(3).

## IX.  DISCOVERY RULE, FRAUDULENT CONCEALMENT AND RELATION BACK

23. To the extent that Defendants attempt to plead any kind of limitations defense, Plaintiffs assert that, pursuant to Federal Rule of Civil Procedure 15, the claims asserted in this amended complaint relate back to the date of the filing of Plaintiffs' original state court petition.

24. In addition, Plaintiffs plead the discovery rule and the doctrine of fraudulent concealment.  Plaintiffs filed their original petition within the applicable two or four year statute of limitations, based on the date that they discovered, or could through the exercise of reasonable diligence have discovered, Defendants' wrongful conduct.

## X.  CONCLUSION AND PRAYER

25. Pursuant to the Federal Rules of Civil Procedure, Plaintiffs reserve their right to amend this complaint and respectfully request a trial by jury.

26. WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that, after a jury trial, this Court enter a judgment against Defendants, jointly and severally, awarding Plaintiffs their actual damages, punitive damages, presumed damages, treble or additional damages, statutory damages and/or penalties, reasonable and necessary attorneys' fees as provided in Texas Civil Practice and Remedies Code § 38.001(8), Texas Business and Commerce Code § 17.50(d) and 42 U.S.C. 1988(b), pre-judgment interest as allowed by law,

- 8 -

post-judgment interest as allowed by law, and taxable court costs. Plaintiffs also respectfully request any other relief to which they are or may be entitled.

> Respectfully submitted,
>
> THE LITTLE LAW FIRM, P.C.
>
>
> _____/s/ Joseph R. Little_____
> Joseph R. Little
> State Bar No. 00784483
> 440 Louisiana Street, Suite 900
> Houston, Texas 77002
> (713) 222-1368 - Telephone
> (281) 200-0115 - Facsimile
> jrl@littlelawtexas.com
>
> Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above document has been served on counsel for Defendants, by ECF electronic service, in accordance with the Federal Rules of Civil Procedure, on this the 3rd day of May, 2013.

> _____/s/ Joseph R. Little_____
> Joseph R. Little